THE OHIO AND MISSISSIPPI RAILROAD COMPANY, Appellant, *v.* LEVI H. JONES, Appellee.

### APPEAL FROM CLAY.

Before a party can recover for injury to property, he must show that he is either the absolute or qualified owner of it.

In an action against a railroad corporation resulting from injuries to property, because of an omission to fence its road, it should appear that the road has been open for use for six months prior to the injury.

<div style="float:right">27   41<br>42a 538</div>

THIS was an action on the case against the Ohio and Mississippi Railroad Company, to recover the value of certain horses killed on the road of the company.   The declaration contained four counts inartificially drawn.   There was a plea of the general issue, and a recovery by the plaintiff below.

The cause was tried before KITCHELL, Judge, and a jury, at October term, 1860, of the Clay Circuit Court.

W. HOMES, for Appellant.

W. B. COOPER, for Appellee.

WALKER, J.   To authorize a party to recover for an injury to property, he must show that he is the absolute or qualified owner.   Unless he shows himself to be owner of the property, no injury appears to have been inflicted, and he cannot recover. In this case we have examined the record with care, and have been unable to find any evidence which tends in the slightest

degree to prove that appellee was the owner or had the possession of the property, for the injury to which a recovery is sought in this case. If he was the owner, it was an affirmative fact easy of proof by possession at least, and in its absence a jury had no right to assume the fact. It was an essential fact, the proof of which is absolutely indispensable to a recovery. For the want of this evidence the verdict of the jury was not warranted, and should have been in favor of appellant.

Again, by the second instruction the court fails to inform the jury that the company were not bound to fence their road until it had been open for use six months. Although the company may have failed to fence their track as specified by the act, still if it had not been open for use for that period, it would not be liable for injury to animals for merely not fencing. This was a fact essential to a recovery under the statute, and one upon which the jury should pass, and the question whether the road had been in use for that period, should have been submitted by instruction, and in this the court erred.

It is a matter of regret that we feel ourselves compelled to reverse a judgment on purely technical grounds; but we are equally powerless, either to supply evidence which has no doubt been omitted in preparing the bill of exceptions, as to amend an instruction so as to conform to the requirements of the law arising upon the evidence. We can only decide upon the record presented, and leave parties to seek their rights by a further trial, in the court below. For the errors above indicated the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*