## Toledo, Peoria & Warsaw Railway Company
### *v.*
### John C. Miller.

1. Railroad companies — *obligation to fence road — does not attach until they have been in operation six months.* The obligation of a railroad company to fence its line of road, does not attach until it has been in operation six months.

2. Same — *nor to repair fence built within the six months.* And, where the company had not been in operation six months, but had constructed a fence, it is under no obligation to keep it in repair, the duty to fence not having attached.

3. Instructions — *assuming such obligation in the absence of proof — erroneous.* An instruction, therefore, by the court, which creates the obligation to keep in repair a fence already constructed by the company, without regard to the question whether the company has been in operation six months, is erroneous.

Appeal from the Circuit Court of Iroquois county ; the Hon. Charles R. Starr, Judge, presiding.

This was an action on the case brought by the appellee in the court below, against the appellant, to recover the value of a mare, alleged to have strayed on the track of the appellant, and killed by their cars, through the negligence of the company to maintain a sufficient fence. The case is sufficiently presented in the opinion.

Messrs. Bryan & Cochran, for the appellant.

Messrs. McIntyre & Smith, for the appellee.

Mr. Justice Lawrence delivered the opinion of the Court:

This was an action brought by Miller against the railway company, for killing a horse. He recovered a verdict and judgment. On the trial the court gave for the plaintiff the following instruction : " The court instructs the jury that if they are satisfied from the evidence that the defendant erected a fence

on the side of their track where the plaintiff's mare got upon said track, in such case it is their duty to maintain such fence. And if they unreasonably neglected to keep said fence in good repair, and that by means of said neglect the plaintiff's mare strayed and got upon the track of the defendant and was killed, then the law is for the plaintiff."

This instruction makes the obligation of the company to keep the fence in repair, dependent merely upon their having erected the fence, irrespective of the provisions of the statute as to the circumstances under which that obligation attaches. But if the railway had not been in operation six months the company was under no obligation, either to build a fence, or to keep in repair one already built. There was another instruction given for the plaintiff, that told the jury it was necessary for the plaintiff to prove the road had been open for use more than six months. We should say these contradictory instructions could not have misled the jury if the evidence showed a state of facts creating an obligation to fence on the part of the company. But it does not. One of the points made in the argument of appellant's counsel is, that it does not appear the road had been opened over six months, and there is no proof on that point, and nothing in the record which would justify us in inferring such a state of facts. It is stated in the argument of appellee's counsel, that it was agreed this point should not be raised in this court. But there is no such agreement in the record, and the point, being raised, is decisive of the case. The judgment must be reversed.

*Judgment reversed.*