## Toledo, Peoria & Warsaw Railway Company

### *v.·*

## Oliver P. Bookless.

1. Pleading—*declaration against a railroad company for injury to stock—failure to fence their track.* In an action against a railroad company, commenced on the thirtieth day of October, 1868, to recover for injury to stock of the plaintiff, the accident being attributed to the want of fences along the track, it was alleged in the declaration "that the defendants, on the first of January, 1867, and from thence forward to the commencement of this suit, were possessed and had the entire control of the" road, "and had the right to run upon the same, locomotives and trains." "And the plaintiff avers that the defendants, more than six months after the said railroad was in use, and continuously to the time of the committing of the grievances, etc. neglected to comply with the before mentioned requirements, as by the statute in such case made and provided, it was their duty to do:" *Held*, upon special demurrer, it was not alleged with sufficient certainty that the company, for the period of six months after the road was "opened for use," had failed to erect proper fences. The allegations in that regard were only argumentative, not certain.

· 2. Same—*as to the road being located in this State.* Moreover, the declaration did not show that the road was located anywhere in this State, and for that reason was obnoxious to the demurrer.

Appeal from the Circuit Court of Iroquois county; the Hon. Charles H. Wood, Judge, presiding.

This was an action on the case, brought in the court below, by Bookless against the Toledo, Peoria & Warsaw Railway Company.

The declaration was as follows: Oliver P. Bookless, the plaintiff, complains of the Toledo, Peoria & Warsaw Railroad Company, of a plea of trespass on the case, for that whereas, heretofore, to-wit, on the first day of January, A. D. 1867, and from thenceforward to the commencement of this suit, the defendants were possessed and had the entire control of the Toledo, Peoria & Warsaw railroad, and had the right to run

upon the same, locomotives and trains ; and the plaintiff avers that during all that time it was the duty of the defendants to erect and keep in repair fences on the side of said railroad, suitable and sufficient to prevent cattle, horses, sheep and hogs from getting on said railroad, except at the crossings of public roads and highways, and within the limits of towns, cities and villages, and where the same runs through unenclosed land at a greater distance than five miles from any settlement, and through lands where proprietors had fenced, and except where proprietors had agreed to fence and to construct suitable cattle guards at all railroad crossings of public highways, to prevent cattle, horses, sheep and hogs from getting on said railroad, etc. ; and the plaintiff avers that the defendant, more than six months after the said railroad was in use, and continuously to the time of the committing of the grievances, hereinafter mentioned, neglected to comply with the before mentioned requirements, as by the statute in such case made and provided, it was its duty to do, by means whereof one mare colt, the property of the plaintiff, of great value, to-wit, of the value of $100, on, etc. to-wit: on the first day of December, A. D. 1867, strayed and got on said railroad, but not at any of the various excepted places aforesaid ; and that the defendants, by their servants, so run, conducted and directed the locomotive and train of the defendant on said railroad, that the said locomotive and train struck, with great force and violence, the said mare colt, so being on the said railroad as aforesaid, by and through the neglect of the defendants to erect and keep in repair the fences and cattle guards, etc., as aforesaid ; and the same did then and there wound, injure and greatly damage the said mare colt, the property of the plaintiff, to-wit, at the county aforesaid, to the damage of the plaintiff of $100, and therefore he sues, etc.

The defendants interposed a special demurrer to the declaration, alleging, as grounds thereof—

1. Said declaration does not allege that defendants' railway was open for use six months prior to the injury complained of.

2.  Said declaration does not allege that that part of said railway where said animal was killed had been open for use six months prior to the injury complained of.

3.  It does not allege that a fence was necessary at the place where said animal got on the track of said railway.

4.  It does not allege a venue where said animal got on the track of said railway, and does not lay a venue for any of the averments of said declaration, except as to the injury of the animal.

The circuit court overruled the demurrer, and judgment by *nil dicit* was rendered against the company, who thereupon appealed.

Messrs. BRYAN & COCHRAN, for the appellants.

Messrs. BLADES & KAY, for the appellee.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

This was an action on the case, founded upon the statute of 1855, requiring railroad corporations, under certain circumstances, and with certain exceptions therein specified, to erect and maintain suitable fences on the sides of their railroads, and making them liable for stock killed on their roads in case of failure to do so. The declaration contains but one count, to which appellants filed a special demurrer, which was overruled by the court, and judgment *nil dicit* rendered against appellants. The sufficiency of this declaration, challenged by special demurrer, is the only question presented. We think it is not sufficient. The first section of the act in question requires every railroad corporation, within six months after their lines, or any part thereof, shall have been opened for use, to erect and maintain a suitable fence on the sides thereof, or the part thereof "so open for use."

The declaration alleges, that the "defendants, on the first of January, 1867, and from thenceforward to the commencement

of this suit, were possessed and had the entire control of the Toledo, Peoria & Warsaw railroad, and had the right to run upon the same, locomotives and trains."

"And the plaintiff avers, that the defendants, more than six months after the said railroad was in use, and continuously to the time of the committing of the grievances, etc., neglected to comply with the before mentioned requirement, as by the statute in such case made and provided, it was its duty to do."

These allegations are argumentative, and may *tend* to show that the line of this railroad, or some part thereof, was " open for use," and that, for the period of six months after it was so open for use, appellants failed and neglected to erect fences on the side of their road, suitable and sufficient to prevent cattle, etc. from getting on such railroad. But it is a mere tendency, and so lacking in certainty, that it will not stand the test of a special demurrer. This corporation may have had the possession, entire control of, and right to run locomotives and trains on the road, without the same having been "opened for use." By the statute, the railroad corporation has the full period of six months after the line, or some part of it, shall have been opened for use, in which to erect fences along the sides of so much as has been so opened for use, and no cause of action can arise for killing stock, in the absence of negligence in the act, until after the lapse of the six months. It is not alleged in this declaration, that it was after the lapse of six months from the time the line, or some part of it, was so opened for use, that the colt got upon the track. The declaration is negligently and unskillfully drawn, and it is not worth while to waste time in pointing out all of its insufficiencies. It does not even show that the railroad was located anywhere in this State. The demurrer should have been sustained. The judgment must be reversed and the cause remanded.

*Judgment reversed.*