WABASH, ST. LOUIS AND PACIFIC RAILWAY COMPANY

v.

GEORGE W. NEIKIRK.

1. INJURY TO CATTLE—OMISSION OF RAILROAD TO FENCE—WHAT NECESSARY TO SHOW.—To enable a party to recover under the statute against a railroad company for injuries to cattle resulting from omission to fence its road, he must show that the road had been open for use six months prior to the injury complained of.

2. RATE OF SPEED.—There is no general law of this State which imposes any restraint as to the rate of speed a railroad company may run its trains and when not prohibited by municipal regulation, it may adopt such a rate of speed as it shall deem advisable, provided always it is reasonably safe.

3. WHERE RAILROAD REQUIRED TO GIVE SIGNAL.—Where appellee's horses were killed while on the right of way of the railroad company at the farm crossing of appellee and no whistle was blown or bell rung. *Held*, that at such a crossing a railroad company is not required by the statute to ring a bell or blow a whistle. Such a duty is imposed only where a railroad crosses or intersects any public highway.

4. ATTORNEY'S FEES—EVIDENCE.—The statute gives a reasonable attorney's fee only in cases where suit is brought against a railroad company to recover damages for failure on the part of the company to erect and maintain fences on both sides of its road. The evidence in regard to the attorney's fee in this case, instead of being general and applying to the three horses killed and the harness destroyed, not claimed to have been caused by the want of fences, should have been confined exclusively to so much of the case as was brought and prosecuted to recover damages to animals killed or injured for want of such fences.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding. Opinion filed September 21, 1883.

Mr. W. H. CAMPBELL, for appellant; that a party who sues a railroad company under the statute, for injury to cattle resulting from omission to fence a road, should show that the road had been opened for use more than six months prior to the injury complained of, cited O. & M. R. R. Co. v. Meisenheimer, 27 Ill. 30; O. & M. R. R. Co. v. Jones, 27 Ill. 41; T. P. & W. R. R. Co. v. Bookless, 55 Ill. 233.

Plaintiff, to sustain his case, must prove that the stock got

on the track at a place where the defendant was bound to fence: L. P. &. B. R. R. Co. v. Caldwell, 38 Ill. 280; R. R. I. & St. L. R. R. Co. v. Connell, 67 Ill. 216.

As to the rate of speed: C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; C. & A. R. R. Co. v. Robinson, 9 Bradwell, 89; C. B. & Q. R. R. Co. v. Harwood, 80 Ill. 88.

A mere license or permission to enter or pass over an estate, will not create a duty or impose an obligation on the part of the owner to provide against the danger of accident: Sweeny v. Old C. & N. R'y Co. 10 Allen, 373; Hickey v. B. & L. R'y Co. 14 Allen, 429; Phil. etc. R. R. Co. v. Hummel, 44 Penn. 375; Gillis v. Penn, R'y Co. 59 Penn. 129.

As to attorney's fees: Nickerson v. Babcock, 29 Ill. 497; Easter v. Boyd, 79 Ill. 325.

Messrs. CONWELL & JACKSON, for appellee.

DAVIS, J. Appellee was the owner of a farm through which the railway of appellant was operated, and during the years of 1881 and 1882, some of his cattle and hogs were killed and some were injured by being struck or run over, as claimed, by the trains of appellant.

Also in 1882, three of his horses, in attempting to cross the right of way of appellant, were struck by one of its engines and killed, and the harness which was on the horses when killed was destroyed.

To recover damages for the animals killed and injured and for the harness destroyed, and also to recover attorney's fees for the prosecution of the suit, this action was commenced, and in the court below a judgment was rendered in favor of appellee of $750 which appellant seeks to reverse by this appeal.

Appellee's ground for recovery for all the property injured, except the horses and harness is, that appellant's road had been opened for use more than six months prior to the killing and injury complained of, and that it had failed to erect and keep in repair fences on both sides of its track, suitable and sufficient to prevent cattle, horses, sheep, hogs or other stock

from getting on its railroad track, except at the places speci-
fied in the statute, by means whereof the property injured,
strayed and got on appellant's railway, but not on any of the
various excepted places as aforesaid.

As to the horses killed and the harness destroyed, appellee's
ground for recovery is, that he was approaching and about to
cross with his horses harnessed, the track or railroad of ap-
pellant at and upon his own farm crossing, when appellant so
carelessly, negligently and improperly ran one of its engines
at a reckless rate of speed without any warning being given
by blowing a whistle or ringing a bell, that it struck the said
horses and harness with the force and violence of an engine
running at the rate or speed of sixty miles an hour and
killed the horses and destroyed the harness.

It was settled early in the railroad litigation of this State
and adhered to since, that to enable a party to recover under
the statute against a railroad company for injuries to cattle
resulting from omission to fence its road, he must show that
the road had been open for use six months prior to the injury
complained of.   The O. & M. R. R. Co. v. Meisenheimer, 27
Ill. 30; Same v. Jones, 27 Ill. 41; T. P. & W. R. R. Co. v.
Bookless, 55 Ill. 230.

So indispensable to a recovery is such evidence held, that
we have carefully examined the evidence as furnished us in
the record of the case to determine whether such evidence
was given on the trial, and we are constrained to say that there
is an entire absence of any such testimony and therefore ap-
pellee has failed to maintain this branch of his case.

As to appellee's other ground for recovery, it appears that
at the time his horses were killed he was on the right of way
of the railroad with his son and the three horses harnessed,
and was plowing some furrows to let the water off the right
of way.   They had been there about twenty minutes when
the train came along, running at the rate of about fifteen or
twenty miles an hour.   The horses were standing still when
the train approached and were within eight or ten feet of the
track on the railroad right of way and on appellee's private
crossing.   Just before the accident, appellee crossed the track

ahead of the team to open the gate of the crossing, telling his son to follow him with the horses while he opened the gate. Appellee's son was holding the horses and they saw the train first and wanted to rush across the track and go to the stable. He tried to hold them but was unable to do so and they had got squarely on the track when the engine struck them. This was about one half mile from the public crossing on the east and a little over a quarter from the one on the west.

It appears from appellee's own testimony given in the case, that appellant had complied with all the requirements of the statute concerning farm crossings, by the erection of gates on each side of its track at appellee's farm crossing, and no complaint is made that the injury for which appellee seeks redress was caused by any other act of appellant than the running of the train at the speed of fifteen or twenty miles an hour, and the failure to ring a bell or blow a whistle at the approach of the train to the public crossing, about half a mile west of the place of the accident, and also at the farm crossing of appellee on his farm.

In C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576, it was held that there was no general law of this State which imposes any restraint as to the rate of speed a railroad company may run its trains, and when not prohibited by municipal regulation, it may adopt such a rate of speed as it shall deem advisable, provided always it is reasonably safe. It will be subject to no liability for the rate adopted, if the company is not otherwise at fault. To the same effect is C. & A. R. R. Co. v. Robinson, 9 Bradwell, 89.

Here the horses were killed while on the right of way of the company at the farm crossing of appellee. At such a crossing a railroad company is not required by our statute to ring a bell or blow a whistle. It is only where a railroad crosses or intersects any public highway that such a duty is imposed by the statute: Revised Statutes of 1874, page 808, Sec. 43.

Whether a bell was rung or a whistle blown at the public crossing half a mile west of the place of the accident is uncertain, as the substance of the testimony is that the witnesses did not hear one rung or blown; but whether, if a bell had

been rung or whistle sounded half a mile from where the accident happened, appellee would have heard it and thus been warned of the approach of the train in time to prevent the accident, is too speculative to have any weight.

Evidence was also given to the jury against the objection of appellant as to what would be a reasonable or usual attorney's fee in cases of this kind, where about nine or ten hundred dollars were involved. The statute gives a reasonable attorney's fee only in cases where suit is brought against a railroad company to recover damages for failure on the part of the company to erect and maintain fences on both sides of its road. Evidence in regard to the attorney's fee in this case, instead of being general and applying to the three horses killed and the harness destroyed, not claimed to have been caused by the want of fences, should have been confined exclusively to so much of the case as was brought and prosecuted to recover damages to animals killed or injured for want of such fences.

We think the judgment below can not be sustained, and it therefore must be reversed and the cause remanded.

Judgment reversed.