## PEORIA, DECATUR AND EVANSVILLE RY. CO.
### v.
## W. H. PURVIANCE.

STOCK KILLED BY RAILROAD TRAIN.—To entitle a party to recover for stock killed by a train, and for attorneys' fees as given by statute, it must be shown that the railroad against which the suit is brought had been open for use six months before the injury complained of.

APPEAL from the Circuit Court of Logan county; the Hon. G. W. HERDMAN, Judge, presiding. Opinion filed May 22, 1884.

P., D. & E. Ry. Co. v. Purviance.

Messrs. BLINN & HOBLIT, for appellant; cited C. & A. Ry Co. v. Taylor, 40 Ill. 280; 1 Redfield on Railways, § 32; B. & O. Ry. Co. v. McElroy, 35 Ohio, 147; O. & M. Ry. Co. v. Jones, 27 Ill. 41.

Messrs. BEACH & HODNETT, for appellee.

DAVIS, J. This action was brought by appellee to recover the value of eight hogs alleged to have been killed by a train on the railroad of appellant, and also to recover attorney's fees given by statute.

The jury found a verdict for appellee of $78.50, and a judgment was rendered against appellant for that amount by the court below, and to reverse the judgment this appeal was taken.

It is claimed by appellant that the evidence given on the trial failed to show that the railroad had been open for use six months before the hogs were killed. It has been frequently held by the courts of this State, that to entitle a party to a recovery in cases of this kind, it must be shown that the railroad against which the suit is brought had been open for use six months before the injury complained of. The O. & M. Railroad Company v. Levi H. Jones, 27 Ill. 41; Same v. Meisenheimer, 27 Ill. 30; Wabash, St. Louis & Pacific Railway Co. v. Neikirk, 13 Bradwell, 387.

This is a technical defense interposed, but while the statute remains as it is and the cases cited remain unreversed, we must treat the defense as valid.

The record of the case now before us shows that no evidence whatever was offered of the time when the road of appellant was first opened for use, or that it had been opened for use six months before the hogs were injured or killed, for which a recovery is now sought. We are compelled, therefore, to reverse the judgment and remand the case.

Judgment reversed.