## MARY A. DUGGAN

### v.

## PEORIA, DECATUR & EVANSVILLE RAILWAY COMPANY.

*Railroads—Negligence—Killing of Stock—Ordinance—Speed.*

1.  It is of no importance whether a fence opposite the place where an animal was killed by a train was good or bad, unless it appears that by reason of the condition thereof at such point the animal got upon the track.

2.  Ordinances designed to prevent the danger to persons and property incident to the rapid movement of trains through municipal corporations, are in the nature of police regulations and sustainable only as such.

3.  Where a legislative act, by-law, or ordinance, is entire and indivisible, each part having a general influence over the rest, and one part be void, it is all void; but when the parts are distinct and separable, so that, the invalid part being stricken out, that which remains is complete within itself and capable of being executed within the apparent legislative intent, wholly independent of that which is rejected, it must be sustained.

Duggan v. P., D. & E. Ry. Co.

4.   Where a statute attempts to accomplish two objects and is void as to one, it may still be complete as to the other; but if the purpose is to accomplish a single object only, and some of its provisions are void, the whole must fall unless sufficient remains to effect the object without the aid of the invalid portion; and if the parts are so inseparably connected with, and dependent on each other, as conditions, considerations or compensations for each other, as to warrant the belief that the law maker intended them as a whole, and if all could not be carried into effect the residue would not have been enacted independently, then if some parts are invalid the whole enactment will fail.

5.   A municipal ordinance limiting the speed of all trains to eight miles per hour, contravenes a legislative act providing that ordinances shall not limit speed in case of passenger trains to less than ten miles per hour, nor in other cases to less than six miles per hour.   This court holds invalid such ordinance in the case presented.

6.   This court holds that the ordinance in question was not properly proved and was rightfully rejected, the proof being that the book produced " was the published ordinances of the village under which the village acted in the year 1887," it not appearing that the book purported to be published by the authority of the village corporation, nor when the particular ordinance took effect.

7.   A count in a declaration averring negligence in running a train at a greater speed than eight miles per hour " in violation of the statute of the State," should be disregarded, there being no statute regulating speed in the absence of an ordinance, such count not averring that the speed was dangerous or unreasonably high in view of the situation.

8.   Where the proof as to the items of a given claim is, with all the inferences the jury can justifiably draw from it, so insufficient that a verdict for the plaintiff must have been set aside, the court is not bound to submit the case to the jury, and a verdict may properly be directed for the defendant.

9.   In the case presented, this court holds that the point that it was not shown that defndants' road had been open for use six months before the injury, though technical, can not be disregarded, although the proof was that the fence, the alleged insufficiency of which is claimed to have caused the injury, had been built " several years " before the trial, which took place some years after the injury.

10.   The mere building of a fence does not require the company to keep it in repair unless the railroad has been in operation for six months.

[Opinion filed December 3, 1891.]

APPEAL from the Circuit Court of Moultrie County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. SPITLER & HUDSON, for appellant.

Messrs. EDEN & HARBAUGH and STEVENS & HORTON, for appellee.

WALL, P. J.   This was an action on the case brought by
appellant against appellee for the value of a colt and a cow
killed by the trains of appellee.   As to the colt, the ground of
negligence alleged was that the road was not sufficiently
fenced, and as to the cow, that the train was running at a rate
of speed forbidden by the ordinance of the village, within the
limits of which the killing occurred.

After the evidence of the plaintiff was closed, the court, on
the motion of the defendant, instructed the jury to render a
verdict of not guilty, and this ruling presents the main ques-
tion now to be considered.   It did not appear that the rail-
road had been open for use six months before the injury was
committed, though it did appear that the fence had been built
" several years " before the trial, which was about four years
after the injury.   This objection to the proof, though purely
technical, can not be disregarded.   O. & M. R. R. Co. v.
Jones, 27 Ill. 41; Same v. Meisenheimer, 27 Ill. 30; P. D. &
E. Ry. Co. v. Purviance, 15 Ill. App. 112.   Nor does the mere
building of a fence require the company to keep it in repair
unless the railroad has been in operation for six months.   T.
P. & W. Ry. Co. v. Miller, 45 Ill. 42.

There was no proof that the colt got on the track by rea-
son of the alleged defective condition of the fence.   Indeed, it
is not shown where it came on the track, though all the proof
on the subject tends to show that it passed through a gate at
a private crossing and that the gate was not open through the
fault of the company.   There was no negligence alleged or
proved as to the operation of the train, and therefore the sole
ground of complaint was that the fence was insufficient.

The rule is that the place where the animal got on the
track is the precise thing to be considered.

It is not important whether opposite the place where it was
killed the fence was good or bad, unless it appears that by rea-
son of the condition of the fence there, it got upon the track.
G. W. R. R. Co. v. Hanks, 36 Ill. 281; C., B. & Q. R. R. v.
Farrelly, 3 Ill. App. 60; Alsop v. O. & M. R. R. Co., 19 Ill.
App. 292.

There was, then, no proof upon which to support the
plaintiff's claim in respect to the colt.

The proof as to the cow was that it was killed by a freight train on a crossing within the limits of the village, and that the train was running at a rate of speed higher than allowed by an ordinance of the village, which plaintiff proposed to give in evidence, but which the court refused to admit. The ordinance limited the speed of all trains to eight miles per hour. The statute, Par. 87, Chap. 114, provides, " that no ordinance shall limit the rate of speed in case of passenger trains to less than ten miles per hour, nor in any other cases to less than six miles per hour."

The ordinance in terms applies to all trains, and therefore contravenes the statute which forbids a restriction of eight miles per hour as to passenger trains.

The power to pass the ordinance is given by the statute and is subject to the limitation therein contained, hence it was clearly invalid as to passenger trains. C. B. & Q. R. R. Co. v. Dougherty, 12 Ill. App. 181. It is, however, insisted that while this is true, it is valid as to freight trains. Such a construction makes it necessary to read the ordinance as though providing that no passenger or other trains should exceed the rate fixed, and then reject the invalid portion and retain the residue, thus giving it application not to all trains but to all except passenger trains. As must be conceded, the prime object was to regulate the speed of passenger trains for they exceed all others in speed. It would be a remarkable provision to limit the slower trains and not the faster and it can not be presumed that such a purpose was in view.

The ordinance was designed to prevent the danger to persons and property incident to the rapid movement of trains through a municipal corporation, and it is in its nature a police regulation and sustainable only as such. It can not be supposed that it was intended to apply to trains which run slowly as a rule and not to apply to those which usually run at great speed.

It is found sometimes that an act of the legislature is in some of its features unconstitutional, while other parts standing alone are not so objectionable, and it is sometimes found that a by-law or ordinance of a corporation is in part opposed to the charter, and in part free from such objection.

In such cases, where the act, or by-law, or ordinance, is entire and indivisible, each part having a general influence over the rest, and one part be void, it is all void; but when the parts are distinct and separable, so that the invalid part being stricken out, that which remains is complete within itself and capable of being executed within the apparent legislative intent, wholly independent of that which is rejected, it must be sustained.

Where a statute attempts to accomplish two objects and is void as to one, it may still be complete as to the other; but if the purpose is to accomplish a single object only, and some of its provisions are void, the whole must fall unless sufficient remains to effect the object without the aid of the invalid portion; and if the parts are so inseparably connected with and dependent on each other, as conditions, considerations, or compensations for each other, as to warrant the belief that the law maker intended them as a whole, and if all could not be carried into effect the residue would not have been enacted independently, then if some parts are invalid the whole enactment will fail. Cooley on Constitutional Limitations, Secs. 177, 179; Dillon on Municipal Corporations, Sec. 354, 2d Ed.

Applying the rule thus stated, we are inclined to think the whole ordinance under consideration is invalid. It would seem, however, that the rule is hardly applicable, for the reason that it is a case where the effort is to amend the enactment by a limitation or qualification not expressed or designed by the law maker.

The ordinance applies to an entire class, as to a part of which it is invalid, and the construction suggested requires the court to retain it as to some specific members of the class, leaving the more important member unprovided for, when there is no reason to suppose that such was or would have been the purpose of the village counsel. In this view also we are disposed to hold the entire ordinance invalid.

It was objected further that the ordinance was not properly proved. The objection was made when the ordinance was offered. The proof offered was that the book produced " was

the published ordinances of the village under which the village acted in the year 1887."

It does not appear that the book purported to be published by the authority of the village corporation, nor when the particular ordinance took effect.

No effort or offer was made to meet this formal objection. The ordinance was properly rejected, first because it was not sufficiently proved, and second because it was invalid.

No proof of negligence was offered in regard to the killing of the cow except that the speed of the train was in excess of that allowed by the ordinance; nor under the averments of the second count was any other proof of negligence competent.

The third count averred negligence in running at a greater speed than eight miles per hour in violation of the statute of the State.    There is no statute regulating speed in the absence of an ordinance, and it was not averred that the speed was dangerous or unreasonably high in view of the situation. Hence the count was faulty and properly disregarded for that reason.

Upon the whole case we are inclined to agree with the Circuit Court that the proof as to both items of the plaintiff's claim was, with all the inferences the jury could justifiably draw from it, so insufficient that a verdict for the plaintiff must have been set aside, and in such case the court was not bound to submit the case to the jury, and it was proper to direct a verdict for the defendant.    Simmons v. C. & T. R. R. Co., 110 Ill. 340.    The judgment is affirmed.

*Judgment affirmed.*