GREAT WESTERN RAILROAD COMPANY

*v.*

ISAAC HANKS.

1. PLEADING — RAILWAYS.   In an action against a railway company, brought under the statute requiring companies to fence their roads "within six months after the lines of such railroads, or any part thereof, are opened": *Held,* that an averment in the following form, "Nevertheless, more than six months after said railroad was in use, to wit, on the 1st day of May, 1864, the said defendant neglected to erect," etc., was a sufficient averment, on general demurrer, of the breach of the statutory duty.

18 — 36 ILL.

2. SAME. In an action against a railway, under the statute, an averment that the steer, which was the subject of controversy, "strayed and got on said railroad, without the limits of towns, cities and villages, and not at the road-crossings or public highways," is sufficient. The important point is not whereabouts on the railroad the animal was killed by the train, but where it strayed upon the track.

3. SAME. It is sufficient if the declaration negatived the killing in the excepted places enumerated in the enacting clause of the statute.

4. CASES EXPLAINED. The case of *The C., B. & Q. Railroad* v. *Carter*, 20 Ill. 392, affirmed; and the cases of *The O. & M. R. R. Co.* v. *Brown*, 23 Ill. 95, and *The Great Western R. R. Co.* v. *Bacon*, 30 Ill. 352, commented on, and explained.

WRIT OF ERROR to the Circuit Court of Macon county; the Hon. CHARLES EMERSON, Judge, presiding.

This was an action on the case brought by the appellee against the appellant to recover the value of a steer killed by the latter. The suit was brought under the statute requiring railways to fence their roads within six months after opening their lines. The defendant below demurred to the declaration, and the court overruling the demurrer, the defendant abided by it, and damages were assessed for the value of the steer. The defendant appealed. The points made by his counsel are stated in the opinion.

Messrs. NELSON & ROBY, for the Appellant.

Messrs. POST & BUCKINGHAM, for the Appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action for killing a steer, brought by the appellee against the appellant, under the statute to be found on page 953 of Scates' Compilation, requiring railway companies to fence their roads. The appellant demurred to the declaration, the demurrer was overruled, and there was final judgment against the appellant, who abided by the demurrer. The only questions before us relate to the sufficiency of the declaration.

It is objected, first, that there is not a sufficient averment that the road had been open for use six months. The declaration, after the ordinary preamble, proceeds as follows: "Nevertheless, more than six months after said railroad was in use, to wit, on the 1st day of May, 1864, the said defendant neglected to erect," etc. The statute reads, every railroad company "shall, within six months after the lines of such railroad, or any part thereof are opened, erect, and thereafter maintain," etc. The averment follows the language of the statute, in showing a breach of duty on the part of the road, and is sufficient on general demurrer.

The declaration, after setting forth the duty of the company to fence, and its failure to do so, proceeds as follows: "by means whereof one steer, the property of the plaintiff, of great value, to wit, of the value of $100, strayed and got on said railroad, without the limits of towns, cities and villages, and not at the road-crossings or public highways," and the pleader then proceeds to show that the defendant caused the death of said steer by running over it with a train of cars. It is objected that the declaration does not show the steer was not killed in one of the places excepted by the statute, but only that it *got on* the road at a place "without the limits of towns," etc. It is urged that it is not important where it got on the track, but where it was killed. On the contrary, the place where it got on, is the precise thing to be considered. It was to prevent animals from straying upon the track, that the company was required to build the fences. Whether, after once getting upon the track, through the negligence of the company, they wander to a road-crossing before being struck by the locomotive, is wholly immaterial.

It is also urged, that the declaration is defective, because it does not negative the killing in the excepted places enumerated at the end of the first section of the statute, as well as in those named in the enacting clause, and it is insisted that the case of the *C., B. & Q. R. R.* v. *Carter*, 20 Ill. 392, is overruled by the *O. & M. R. R.* v. *Brown*, 23 Ill. 95, and the *G. W. R. R.* v. *Bacon*, 30 Ill. 352. The first case quoted and applied

the following rule from Chitty, p. 223 : " that where there is an exception in the enacting clause of a statute, the plaintiff, suing under it, must show that the defendant is not within the exception ; but if there be an exception in a subsequent clause, that is a matter of defense, and the other party must show it, to exempt himself from the penalty." It is an error to suppose this case has been overruled. On the contrary, the court, in the case in 23 Ill., quote it approvingly, and decide the case before them on the ground that there was no evidence that the road had been in use six months, or that the horses were not killed at a road-crossing, or within a town, city or village. It is true the court adds to the last sentence the words, " or more than five miles from a settlement," but it was doubtless inadvertently done, under the impression that this exception, like the others, came within the enacting clause. It was wholly immaterial, as there was no evidence on the other points.

So in the case in the 30th Ill., the point before the court was, on which party was the burden of proof, as to the question whether there was a contract between the company and the proprietor of the land, that the latter should fence the road ? The court decided that if there was a contract, the company must show it, on the ground that it was a fact peculiarly within its knowledge and power to prove. The decision and the reason were both unquestionably valid. In the outset of the opinion the court, in referring to the exceptions in the statute, say, " we have repeatedly held that it was necessary, in pleading, to negative all these exceptions." This, however, was an error, as the court had thus held, only in regard to the exceptions contained in the enacting clause. But it was an unimportant error, since the point before the court was decided precisely as it would have been had the court stated that a contract by the owner of the land to fence it was to be pleaded as well as proved by the defendant, which is unquestionably the true rule. There is nothing in the points decided in these last two cases inconsistent with the rule of pleading laid down in 20th Ill., and to that rule, which we deem correct, we adhere.

*Judgment affirmed.*