HENRY WITTHOUSE, Respondent, *vs.* ATLANTIC & PACIFIC RAILROAD Co., Appellant.

64a 523|
73a 170|
64  523|
78a 668|
64  523
95a ³394

1. *Practice, civil—Corporation, appearance of to suit.*—The appearance of a corporation to a suit is an admission of its corporate existence and dispenses with the necessity of establishing that fact by evidence.
2. *Practice, civil—Bill of exceptions—Instructions, loss of.*—The statement contained in a bill of exceptions that the instructions were not copied therein because they had been taken away by the jurors or lawyers and not returned, will not warrant a reversal in the absence of any proof that they were not before the court on hearing of motion for new trial or proof of any efforts to supply their loss.
3. *Damages—Railroad—Failure to fence—Point of accident, etc.*—When stock get upon the track of a R. R. Co. in consequence of the failure of the corporation to fence its track as required by statute (Wagn. Stat. ? 43, 310), the road is liable, regardless of the question at what point on the track the stock was killed.
4. *Instructions—Refusal of.*—Instructions substantially embodied in others given may be properly refused.

*Appeal from Osage County Circuit Court.*

*John O'Day,* for Appellant, cited: Cecil vs. Pacific R. R. Co., 47 Mo. 247 ; Shearm. & Redf. Negl. § 462 ; G. W. R. R. vs. Northland, 30 Ill. 451 ; Morrison vs. N. Y. & N. H. R. R. 32 Barb. 568 ; Ellis vs. Pacific R. R. Co., 55 Mo. 278, and authorities there cited ; Woodfolk vs. Gate, 25 Mo. 597 ; Cocker vs. Cocker, 56 Mo. 180.

*Lay & Belch,* for Respondent, cited: Seaton vs. C., R. I. & P. R. R. Co., 55 Mo. 416 ; Hudson vs. St. L., K. C. & N. R. R. Co., 53 Mo. 525.

NORTON, Judge, delivered the opinion of the court.

This was a suit brought before a justice of the peace in Benton Township, Osage County, under Wagn. Stat. § 43, 310, for the recovery of damages for killing a bull of plaintiff at a point on said road where it had not been fenced according to law.

The complaint is in all respects formal and complete. and sufficiently states a cause of action. Upon a trial in the circuit court plaintiff obtained a verdict and judgment for $50.00, from which defendant has appealed, and seeks a verdict of the same for al-

leg l errors of the court in admitting evidence and in giving and ref using instructions.

1. appeared from the evidence that the animal in question went upon the track at a point on said road where the fence was not more than three feet high, and that this was a place at which defendant was bound under the law to maintain a fence.

Plaintiff offered in evidence a certified copy of a deed of lease, executed by the Pacific Railroad Company to the defendant, which was admitted in evidence against the objection of defendant that the original was the best evidence and was not accounted for, and no notice was given to produce it.

It appears that the deed was offered for the purpose of showing that the defendant was a corporation operating the road.

The defendant was sued in this capacity, as is shown by the statement, and the appearance of defendant to the action is an admission of its corporate existence and dispenses with the necessity of establishing it by evidence. If, therefore, the objections taken to the certified copy were technically well founded, the admission of it to prove a fact not necessary to be proved affords no reason for interfering with the judgment. (Seaton vs. Chicago, R. I. & P. R. R. Co., 55 Mo. 416.)

The instructions given for the defendant and those refused, which were asked by the defendant, are the only instructions preserved in the bill of exceptions. Those given for the plaintiff are not preserved, and the reason assigned for their not being copied in the bill of exceptions is, that they were either taken by the jury, or the lawyers, and not returned. We are asked to reverse the judgment on this ground, and it is claimed that in this respect the case is within the principle of the case of Cocker vs. Cocker, 56 Mo. 180. The case at bar is distinguishable from that, in this, that the same judge who gave the instructions complained of determined the motion for a new trial ; while in the case cited the motion for the new trial, on the ground that the verdict was against the evidence and that the court admitted improper evidence, was determined by a judge who had not heard the evidence, and who succeeded the one who did try the case and had heard the evidence which was not preserved.

The judgment of the circuit court overruling the motion for a new trial was reversed on the ground that it was better to allow a new trial, when the court for any cause cannot consider the merits of an application for that purpose, than to refuse it ; for by denying the motion, without giving the party the benefit of being heard or having his reasons considered, irreparable injury may be done. The reasons which operated in that case as well as the case in 25 Mo. do not apply in this. For it does not appear here that the instructions were not before the court at the time the motion was heard and disposed of, or that any effort had been made to supply their loss. It only appears from a statement made in the bill of exceptions that they were not copied because they had been taken away, either by the jury or lawyers, and not returned.

The reversal of the judgment for such a reason, in the absence of anything to show that all the proper efforts had been made to supply the omission of the mislaid record, would encourage neglect and invite interminable litigation.

The instructions given for the defendant, and which are incorporated in the bill of exceptions, put the case fairly before the jury. They were told in them that " unless they were satisfied from the evidence that the allegations in the plaintiff's complaint were true, they would find for defendant, and that it devolved on plaintiff to show by satisfactory evidence that the bull got on said railroad at a place where the same passes through, along or adjoining enclosed and cultivated fields, and where said railroad was not enclosed by a lawful fence of the height of five feet, and that it was immaterial as to where the bull was killed, and that in the absence of such evidence they would find for defendant."

These propositions seem to embrace the whole law of the case as applied to the evidence. We are not prepared, nor would we be authorized, to say that the instructions refused were wrongfully refused, inasmuch as they may have been refused because the jury were fully instructed on the same subject matter in the instructions given for plaintiff, and which are not before us.

Judgment affirmed, the other judges concurring.