## JOHN ALSOP

### v.

### OHIO & MISSISSIPPI RAILWAY CO.

1. KILLING STOCK—FENCES.—Where stock get upon the track through a defective fence, where the railroad company are by law required to fence, and stray upon the track, but the injury is inflicted at a point where a fence is not required, the company is liable without proof of negligence in the management of the train.

2. PRACTICE.—This court is required to examine the evidence in order to say whether there is sufficient to sustain the verdict. It is not precluded from so doing because no written propositions were submitted to the trial court, and if it appears that, applying the law to the undisputed facts, the judgment is clearly wrong, the judgment must be reversed.

APPEAL from the Circuit Court of Shelby county; the Hon. J. J. PHILLIPS, Judge, presiding. Opinion filed February 25, 1886.

Mr. HOWLAND J. HAMLIN, for appellant.

Messrs. MOULTON, CHAFEE & HEADEN, for appellee.

WALL, P. J. This was a suit before a justice of the peace to recover the value of damages for a cow injured by the engine of defendant's railroad company.

The case was removed by appeal to the circuit court where a trial by the court, a jury being waived, resulted in a finding and judgment for defendant, from which an appeal is prosecuted here by the plaintiff below. Suggestion is made that no question of law can arise here because no written propositions were submitted to be held or refused.

The citations made in support of this relate to the practice in the Supreme Court in those cases where that court is not authorized to examine questions of fact, and are not in point here. This court is required to examine the evidence in order to say whether there is sufficient, according to the test of well settled rules, to sustain the verdict. It is not precluded from so doing because no written propositions were presented to the trial court, and if it appears that, applying the law to the undisputed facts, the judgment is clearly wrong, the judgment must be reversed. Where no propositions are presented it would be presumed the court held the law correctly; and if the judgment is manifestly erroneous, the conclusion would necessarily be that the court misconceived the facts. Hence the same weight being given to the finding of the court as would be given the verdict of a jury, it must clearly appear that the result is against the great weight of the evidence before this court would be at liberty to interfere.

It appears from the proof in this case that the animal came on the right of way at a point where the company was by law required to fence, and that there was no sufficient fence at that place. It is a necessary inference from the evidence that

it got on the road at that point by reason of the deficient fence. It ran along in front of the train a short distance, crossing a cattle guard which was also insufficient, and was overtaken and injured by the engine at a point some fifty yards north of the cattle guard.

No negligence is shown in the management of the train, and the point where the animal was actually overtaken and injured was within the corporate limits of a town where no fence was required. It is assumed the animal was at large contrary to law, but there is no proof whatever that the owner was at fault in this respect, except so far as may be inferred from the fact of the animal being so at large.

These facts thus briefly stated are not in doubt. It may be said there is no controversy as to the facts, and the question is whether the plaintiff is entitled to recover. There are no written pleadings, and the right of recovery must depend wholly upon the case as made by the proof. The statute provides that railroad companies shall, except at certain specified points, erect and maintain fences on both sides of the road, suitable and sufficient to prevent stock from getting on such road, and failing to do so shall be liable for all damages done on such road to stock getting thereon, by the agents, engines, or cars of the corporation.

It is not necessary to show negligence in the management of the train. The ground of recovery is the failure to fence. No other fault need be shown. Nor is it a sufficient defense to prove that the owner permitted the stock to be at large in violation of law; but it must also appear that he did so under such circumstances that the natural and probable consequence of doing so was that the stock would go upon the track and be injured. Ewing v. C. & A. R. R. Co., 72 Ill. 25; C. & St. L. R. R. Co. v. Murray, 82 Ill. 76; C. & St. L. R. R. Co. v. Woosley, 85 Ill. 370.

In this case if the animal had been struck before reaching the cattle guard, and while inside of the line where a fence was required, there would be no doubt of liability; but it is urged, and this is the real point at issue, that as the injury was actually inflicted at a point where a fence was not necessary,

there can be no liability without proof of negligence in the management of the train. We think this an erroneous view of the law.

To repeat what the statute provides: The company must erect and maintain a fence sufficient to prevent stock from getting on the road, and, omitting to do this, must pay for the damages done to such stock thereon by the engines, etc., of the company.

In the case of G. W. R. R. Co. v. Hanks, 36 Ill. 281, the Supreme Court said : "It is objected that the declaration does not show the steer was not killed in one of the places excepted by the statute, but only that it got on the road at a place without the limits of town, etc. It is urged that it is not important where it got on the track but where it was killed. On the contrary the place where it got on is the precise thing to be considered. It was to prevent animals from straying on the track that the company was required to build the fences. Whether, after once getting upon the track through the negligence of the company, they wandered to a road crossing before being struck by the locomotive, is wholly immaterial."

This being the rule of law applicable, the plaintiff was entitled to recover upon the undisputed facts in the case.

The judgment will be reversed and the cause remanded.

