Foster v. The St. L., I. M. & S. Ry. Co.

FOSTER v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Railroad**: KILLING STOCK: DOUBLE DAMAGES. In an action under Revised Statutes, section 809, to recover double damages for injuries to a mule occasioned by the failure of a railroad to fence its track, it is error to charge that the plaintiff is entitled to recover if the mule was injured at a point on the road where it was not fenced, without regard to the place at which it entered upon the track.

2. ——— : STOCK NOT STRUCK BY TRAIN. A plaintiff is not entitled to recover double damages for injuries to an animal which, having got upon a railroad track, ran from fright into a trestle or bridge and was injured without being struck by the train.

*Appeal from Mississippi Circuit Court.*—HON. J. D. FOSTER, Judge.

REVERSED.

*Smith, Silver & Brown* and *T. J. Portis* for appellant.

(1) The testimony of all the witnesses, including plaintiff himself, was that the damage to the mule was sixty dollars and no more. The testimony on this point was unvarying and concurrent. And yet the verdict was for one hundred dollars. The verdict was in utter disregard of the evidence. There is no evidence to support it, and for this reason alone the case must be reversed. *Kendrick v. Railroad,* 81 Mo. 521; *Hacker v. Brown,* 81 Mo. 68. (2) The plaintiff's first instruction is palpably erroneous. Before the plaintiff could recover, it devolved upon him to show that his animal entered upon the said road at a point where there was no fence, and that said point was at a place where the de-

fendant's railroad passed through or adjoining inclosed and cultivated fields or uninclosed lands. This essential is entirely ignored by the instruction. *Munpower v. Railroad*, 59 Mo. 245; *Robertson v. Railroad*, 64 Mo. 412; *Manz v. Railroad*, 87 Mo. 278; *Briggs v. Railroad*, 82 Mo. 37; *Ridenore v. Railroad*, 81 Mo. 227; *Asher v. Railroad*, 79 Mo. 432; *Cunningham v. Railroad*, 70 Mo. 202. (3) The plaintiff's second instruction is not the law. It is not only subject to the objection which has been urged against the first, but is also subject to the further objection that it ignored the fact that it was necessary for the jury to find that the plaintiff's animal was injured by actual collision. *Lafferty v. Railroad*, 44 Mo. 291; *Hughes v. Railroad*, 66 Mo. 325; *Seibert v. Railroad*, 72 Mo. 565; *Halferty v. Railroad*, 82 Mo. 90.

*H. C. O'Bryan* for respondent.

(1) The evidence was sufficient to support the verdict. *Kendricks v. Railroad*, 81 Mo. 521; *Hacker v. Brown*, 81 Mo. 68; *Seaton v. Railroad*, 55 Mo. 417; *Wood v. Railroad*, 58 Mo. 115. (2) There was no dispute on the trial as to whether or not the road was fenced where the mule entered on it, nor was there any dispute that the road was not fenced at any place where the mule ran or where it was thrown from the track. It is only necessary to instruct the jury as to disputed facts. *Russell v. Ins. Co.*, 55 Mo. 585. (3) The second instruction given for plaintiff was not erroneous. *Russell v. Ins. Co.*, 55 Mo. 585; *Newcomb v. Blakely*, 1 Mo. 289.

HENRY, C. J.—Plaintiff sued before a justice of the peace in Mississippi county for double damages for an injury to his mule, alleged to have been occasioned by the failure of defendant to fence its track at the point

where the mule entered upon it. The following is the statement filed with the justice: "Plaintiff states that defendant is a corporation organized and chartered under the laws of Missouri. And is now, and for a long time since has been, running and operating a railroad through Tywappity township, in Mississippi county, Missouri. Plaintiff further states that on or about the month of April or May, 1882, and in the township of Tywappity, in the county of Mississippi, and state of Missouri, and where said road passes along, adjoining and through unenclosed lands, and where said road was not fenced with a good and sufficient fence, sufficient to prevent horses, mules, hogs and cattle, and other animals, from escaping and coming on their said track, the said defendant, by means of its agents, engines and cars, ran against and over, and ran in the trestle one mule, the property of plaintiff, of the value of one hundred and twenty-five dollars, thereby crippling said mule and greatly damaging plaintiff in the sum of ninety dollars. Plaintiff further states that the point where said animal was struck was not the crossing of a public highway, and that said animal escaped and strayed and come upon said road by reason of the defendant's negligence, in failing to erect and maintain good, sufficient fences on the sides thereof, sufficient to prevent horses, mules, cattle, hogs and other animals from escaping and coming thereon. Wherefore plaintiff prays that his damage be assessed at ninety dollars, and that he have judgment for one hundred and eighty dollars, double the amount of his damage so assessed, as provided for in section 809 of the Revised Statutes of Missouri, of 1879, entitled "Railroad Corporations, etc."

Plaintiff had a judgment before the justice, and again in the circuit court, to which the cause was appealed by defendant, which has prosecuted an appeal therefrom to this court. The plaintiff's own testimony, and that of all the witnesses introduced by him, was to

the effect that the mule was of the value of one hundred and twenty-five dollars and was damaged one-half of its value. The verdict and judgment was for one hundred dollars, but plaintiff entered a remittitur for ten dollars, and the judgment then was for ninety dollars, which is thirty-five dollars less than double the damages actually sustained, and double damages he was entitled to recover, if any amount whatever, and we do not think the error, if it was an error, would justify a reversal of the judgment.

Plaintiff alleged in his statement, and it devolved upon him to prove, that his mule went upon the track of the railroad at a point where it was not, but should have been, fenced. The plaintiff was the only witness who testified on that subject, and his testimony was, that he "discovered the tracks of a mule that seemed to be made while running fast. Defendant's road was not fenced entire at the place where the tracks came over the road, nor where the injury occurred, nor where they left the road, and at no place where the mule ran." Evidence was introduced tending to impeach the character of plaintiff for truth and veracity. The court, by its instruction, authorized a verdict against defendant, if the mule was injured at a point on the road where it was not fenced, without regard to the place at which it got upon the track. This was error. *Asher v. Railroad*, 79 Mo. 432.

The following instruction asked by defendant was refused: "The court instructs the jury that if you believe from the evidence that plaintiff's mule was upon the track of defendant's railroad, and from fright ran upon, or into, a bridge or trestle upon said railroad track by reason of a locomotive and train of cars following said mule, and was not struck by the said engine and cars as alleged in plaintiff's statement, you should find for defendant." This court held, as the court was asked by that instruction to declare, in *Lafferty v. Railroad*,

44 Mo. 291; *Seibert v. Railroad*, 72 Mo. 565; and *Halferty v. Railroad*, 82 Mo. 90. In *Lafferty v. Railroad*, *supra*, Wagner, J., said: "It seems to me plain that a direct or actual collision was contemplated." In *Halferty v. Railroad*, *supra*, Sherwood, J., said: "In the absence of any evidence on the point of collision, of course, there could be no recovery." This construction was placed upon section 43 of chapter 63, General Statutes of 1865, now section 809, Revised Statutes, 1879, nearly twenty years ago, and the case in which that ruling was first made has been followed by this court repeatedly since.

For the errors committed by the court in plaintiff's instruction, and refusing the instruction asked by defendant, the judgment is reversed and the cause remanded. All concur.