AMANDA V. GREEN v. ST. PAUL, MINNEAPOLIS AND MANITOBA RAILWAY COMPANY.[1]

January 29, 1895.

No. 9005.

Verdict Justified.

Evidence considered, and *held* to justify the verdict.

Appeal by defendant from an order of the district court for Sherburne county, Baxter, J., denying a motion for a new trial, after a verdict of $195.84 in favor of plaintiff.   Affirmed.

*M. D. Grover, R. A. Wilkinson,* and *Geo. H. Reynolds,* for appellant.

*Savage & Purdy,* for respondent.

START, C. J.   The plaintiff, by this action, claims to recover for the value of a horse killed, as she alleges, by reason of the defendant's negligence, in failing to fence its railway track. This is the second appeal in this cause. 55 Minn. 192, 56 N. W. 752. It is substantially admitted by both parties that the horse was running at large on the day it was killed, and came upon the defendant's railway track at a point where the defendant was bound to maintain a fence, but had failed to do so. From this point it ran along the center of the track, at a high rate of speed, jumped a cattle guard at a private crossing, and continued to run on the track until it came to a bridge or trestle work in the track, where it was found near the

[1] Reported in 61 N. W. 1130.

further end of the bridge, in the gutter on the side of the track, with two legs broken, and incurably injured. The defendant's right of way at the place where the horse was killed, which was 150 rods from the place where it entered upon the track, was properly fenced, and the cattle guard, which he jumped, was properly constructed and maintained.

The trial court substantially instructed the jury as follows: "It is claimed by the defendant, and if you find such was the fact, that the road was fenced at the point where the horse was killed, and that the cattle guard was sufficient, then the defendant is not liable, unless the horse was frightened by the railway train of the defendant, and driven thereby, from a point where the track was not fenced over the cattle guard to the point where it was killed." Whether or not the horse was so frightened and driven was submitted to the jury, as a question of fact, with the further instruction that, if they so found, their verdict must be for the plaintiff, otherwise for the defendant. These instructions were in accordance with the defendant's own claim as to the law of the case, but it further insisted that there was no evidence in the case to justify the submission of the question of fact to the jury, and for this reason requested the court to instruct the jury to return a verdict for the defendant. To the instruction given and the refusal of its request, the defendant duly excepted, and these exceptions are urged as error on this appeal.

The law of the case, as given by the court, was as favorable to the defendant as it was entitled to have it stated. Therefore, if there is evidence in the case reasonably tending to support the verdict, it has no cause of complaint. Cox v. Minneapolis, S. S. M. & A. Ry. Co., 41 Minn. 101, 42 N. W. 924. The questions are then reduced to the single one, is the verdict sustained by the evidence as to the finding that the horse was frightened and caused to jump the cattle guard by the defendant's railway train? This question must be answered in the affirmative, for we are of the opinion that the verdict is amply supported on this point by the evidence. The evidence tends to show that the horse was last seen uninjured between 7 and 8 o'clock the evening before his injury, some three-fourths of a mile from the point where he came upon the track; that the defendant's railway train passed along the track about one hour later,

going in the same direction as the horse did after he came upon the track; that he was found the next morning at the place where injured; that the tracks made by him along the roadbed from the starting point to place of injury justified the conclusion that he was frightened and ran as swiftly as he could, never stopping at the cattle guard; that there was blood and hair on the bridge, indicating that he had been shoved off the bridge. Now, from this evidence the most reasonable and natural conclusion was that it was the railway train that so frightened and drove the horse. If, in fact, this conclusion was wrong, the defendant's trainmen could have been called by it, and made the matter clear. They must have known what the fact was. In the absence of this evidence, the jury were fully justified in returning a verdict for the plaintiff.

Order affirmed.