### FORT WORTH & RIO GRANDE RAILWAY COMPANY v. NANCY SWAN.

No. 1289. Decided February 23, 1904.

**1.—Railway—Fences—Killing Stock.**

A railway company is liable for stock killed by its trains where it fails to fence its road, though the loss is due neither to its negligence nor its failure to fence. Rev. Stats., art. 4528. (Pp. 340, 341.)

**2.—Same—Unfenced Road.**

Where a mule escaping from an inclosed field through a gate in the railway fence left open without fault of the company, came upon the track of defendant and was there killed at a point where there were fences on both sides of the right of way for 125 feet, with a stock gap and wing fences to the west, but none to the east, thus fencing the right of way only on three of the four sides of the parallelogram, the road was not fenced at that point within the meaning of the statute, and the company was liable for the loss. (Pp. 339-341.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Hood County.

*West, Chapman & West* and *Theodore Mack,* for appellant, on the question certified, cited: Rev. Stats., art. 4528; Baltimore & O. Ry. Co. v. Shultz, 43 Ohio St., 270; 3 Elliott on Railways, sec. 1201; Missouri K. & T. Ry. Co. v. Willis, 17 Texas Civ. App., 230; Thornton on Railway Fences, 213, 215; Sappington v. Chicago & A. Ry. Co. (Mo.), 69 S. W. Rep., 32; Kimball v. St. Louis & S. F. Ry. Co. (Mo.), 73 S. W. Rep., 224; Cecil v. Pac. R. R. Co., 47 Mo., 246; Snider v. St. Louis I. M. & S. Ry. Co., 73 Mo., 465; Louisville N. A. & C. Ry. Co. v. Quade, 91 Ind., 295; Jeffersonville M. & I. R. R. Co. v. Lyon, 72 Ind., 107; Wabash Ry. Co. v. Forshee, 77 Ind., 158; Bellefontaine Ry. Co. v. Suman, 29 Ind., 40; Indiana B. & W. Ry. Co. v. Quick, 9 N. E. Rep., 925; Great Western Ry. Co. v. Hanks, 36 Ill., 282; Bennett v. Chicago & N. W. Ry. Co., 19 Wis., 158; Bremmer v. Green Bay S. P. & M. R. R. Co., 20 N. W. Rep., 687; Green v. St. Paul M. & M. Ry. Co., 61 N. W. Rep., 1130; Kansas City F. S. & G. Ry. Co. v. Burge, 21 Pac. Rep., 589; Sullivan v. Oregon Ry. & Nav. Co., 24 Pac. Rep., 408; Louisville N. A. & C. Ry. Co. v. Etzler, 30 N. E. Rep., 32; International & G. N. Ry. Co. v. Cocke, 64 Texas, 151; Gulf C. & S. F. Ry. Co. v. Hudson, 77 Texas, 494.

*Reeder & Cooper,* for appellee, cited: Rev. Stats., art. 4528; International & G. N. Ry. Co. v. Richmond, 67 S. W. Rep., 1029; Texas Central Ry. Co. v. Childress, 64 Texas, 348.

GAINES, CHIEF JUSTICE.—This is a certified question from the Court of Civil Appeals for the Second District. The certificate is as follows:

"We certify to your honors for answer the question whether or not the appellant in the above styled and numbered cause now pending before us is liable to appellee for the value of a mule killed by it under the following circumstances. The undisputed facts are: First. That plaintiff owned the mule, the value of which is sought to be recovered in this case. Second. That said mule was of the value of one hundred and one dollars. ($101). Third. That said mule was killed on August 3, 1902, by one of defendant's trains in Hood County, Texas, without any negligence on the part of the engineer or other servants in charge of said train. Fourth. That at the time of the killing of said mule, defendant had and maintained a good and lawful wire fence on either side of its right of way opposite the place where this animal was killed for one hundred and twenty-five feet; that the track at this point ran east and west; that there was a cattle guard at the west end of these two 125 foot fences, with wing fences connecting said cattle guard with the west ends of the two 125 foot fences; that the right of way at the east ends of these two 125 foot fences was open, there being no cattle guards or wing fences at that point. Fifth. That the said mule, before the injury, was in the field or pasture south of the railway; that it escaped through a private gateway in said lawful 125 foot fence on the south side of said right of way without any fault on the part of defendant company, and was killed on defendant's railway at a point about fifty feet east of the above mentioned cattle guard and without any fault on the part of the servants of defendant in charge of the train which killed said mule. Sixth. I also find that the following diagram represents the relative positions of the railway cattle guards, wing fences, places where the animal was killed, and the two 125-foot fences opposite the point  where the animal was before the injury and opposite the place where the animal was killed.

"The gist of our query is, first, was appellant's road fenced in within the meaning of our statute at the point where the animal entered and was killed; and second, if not, does the fact that the failure to fence in no way caused or contributed to cause the injury, relieve the company from liability, since no other negligence, if this be negligence, is shown. See Railway Co. v. Cocke, 64 Texas, 151; Railway Co. v. Willis, 42 S. W. Rep., 371; Railway Co. v. Hudson, 77 Texas, 497; Alsup v. Railway Co., 19 Ill. App., 292; Great W. Ry. Co. v. Hanks, 36 Ill., 281; Illinois C. Ry. Co. v. Finney, 42 Ill., 390; Jefferson, M. & I. Ry. Co. v. Lynn, 72 Ind., 107; Wabash Ry. Co. v. Forshee, 77 Ind., 158; Louisville E. & St. L. Ry. Co. v. Thomas, 106 Ind., 10, 5 N. E. Rep., 198; Indiana B. & W. Ry. Co. v. Quick, 109 Ind., 295, 9 N. E. Rep., 925;

Louisville N. A. & C. Ry. v. Etzler, 3 Ind. App., 562, 30 N. E. Rep., 32; Kansas City Ft. S & G. Ry. Co. v. Burge, 40 Kan., 736, 21 Pac. Rep., 589; Green v. Railway Co., 60 Minn., 134, 61 N. W. Rep., 1130; Witthouse v. Railway Co., 64 Mo., 523; Snider v. Railway Co., 73 Mo., 465; Foster v. Railway Co., 90 Mo., 116, 2 S. W. Rep., 138; Ehret v. Railway Co., 20 Mo. App., 251; Sullivan v. Railway Co., 19 Ore., 319, 24 Pac. Rep., 408; Bennett v. Railway Co., 19 Wis., 145; Bremmer v. Railway Co., 61 Wis., 114, 20 N. W. Rep., 687; Sappington v. Railway Co. (Mo.), 69 S. W. Rep., 32; Kimball v. Railway Co. (Mo.), 73 S. W. Rep., 224."

The statute referred to in the certificate is as follows: "Each and every railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount. If the railroad company fence in their road, they shall only then be liable in cases of injury resulting from want of ordinary care." 2 Batts' Civ. Stats., art. 4528. The intention of the Legislature could hardly have been more clearly expressed. The provision simply means, that, in case a railroad company shall fail to fence its tracks where it is lawful to do so, it shall be liable in damages to the owner for the killing or injury of all live stock by the operation of its locomotives or cars; but in case the company shall fence its track then it shall be responsible only when

the injury has resulted from the want of care on part of its servants to prevent the injury. The statute was so construed in the cases of the Texas Central Railway Company v. Childress, 64 Texas, 346, and of International & Great Northern Railway Company v. Cocke, 64 Texas, 151. In the case of the Gulf, Colorado & Santa Fe Railway Company v. Hudson (77 Texas, 494), the language of the opinion in the case first cited by us is quoted with approval and the decision adhered to; and it is also there held, in effect, that in case a railway company has not fenced its track, no inquiry as to the question of care or want of care on part of the company is admissible.

It follows from these rulings, that where a railroad company has not fenced its tracks its liability for an injury to live stock caused by the running of its trains is absolute; and we are of opinion that they correctly construe the statute.

The question, however, remains, was the track of the railroad company under the circumstances of this case "fenced in" within the meaning of the provision? We think that it was not. A fence means an inclosure, and a railroad track can not be said to be fenced unless it be completely inclosed. A rectangular space extending in length east and west 125 feet and 100 feet wide, which is inclosed on the two sides, and on one end, but which is open at the other, can not be said to be inclosed. To "fence in" a place as against live stock means to surround it by a fence so as to prevent the intrusion of such animals upon the inclosed premises.

From these conclusions, it follows that in our opinion both questions should be answered in the negative, and it is accordingly so ordered.