### Ellen M. Watt v. Fred Schlafly.

1. QUESTION OF LAW—*when not presented for review.* In a case tried before the court without a jury, no questions of law are presented for review where no propositions of law were submitted to the court and no exceptions to rulings on the evidence were reserved.

Action in assumpsit. Appeal from the Circuit Court of Clinton county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the February term, 1906. Affirmed. Opinion filed September 14, 1906.

W. L. COLEY, for appellant.

THOMAS E. FORD, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a suit brought by appellant against appellee, to recover $500 deposited with him, by her, to protect him as a surety on an attachment bond given by her. Upon the trial a jury was waived, and the court, having found in favor of appellee, gave judgment against appellant for costs.

The proofs in the record show that on September 24, 1902, appellant began an attachment suit against William DeFord in the Circuit Court of Clinton county, Illinois; that attorneys for appellant requested appellee to go on the attachment bond for $600 as surety for appellant, which he did, and they deposited with him $500 to protect him; that the attachment writ was executed by levying on certain chattel property owned by DeFord; that afterwards she dismissed her attachment suit; that on April 15, 1903, suit was brought on

the attachment bond and summons issued against appellant and appellee; that appellee was served, but the summons against appellant, which was issued to another county, was never returned; that neither appellant nor appellee appeared to defend the suit, and judgment was entered against appellee by default for the amount of the bond, $600, as damages, and it was further ordered that the appellant, Ellen M. Watt, pay the costs of suit, and that execution issue therefor, which judgment appellee afterwards compromised or settled for $500; that shortly after the payment was made appellant wrote to appellee saying she had heard there was a suit on the bond, asking if it were true and whether he had paid over the money, $500, and at the same time she complained of her attorneys for not looking after the suit; that appellee replied, that by order of court he had paid $500 to attorneys for the plaintiff in that suit, for which he held their receipt in full of judgment and costs; that appellant then brought suit to recover the $500 she had deposited with appellee. It was shown by affidavit on file in the suit that appellant was a non-resident of the state. There was no proof of collusion on the part of appellee with the plaintiff in the suit on the bond, to defraud or injure appellant, nor does it appear that he acted otherwise than in the best of faith in the whole transaction. Appellee testified that he relied on appellant's attorney to make whatever defense there was, if any, to the suit on the bond, and that he knew absolutely nothing about the merits of the case. Appellant excepted to the finding of the court and also to the judgment in favor of appellee, but failed to present to the court any propositions of law. No question was raised concerning the admission or rejection of evidence or the conduct of the trial, consequently the only question presented to us is, was the evidence sufficient to sustain the judgment. Alsop v. O. & M. Ry. Co., 19 Ill. App. 292; Smith v. Dauel, 29 id. 290; Flood v. Leonard, 44

id. 113; First National Bank v. Danville B. & T. Works, 91 id. 116; Mullin v. Johnson, 98 id. 621.

Appellant claims that as the evidence showed she had deposited $500 of her money with appellee, which had never been repaid to her, she was entitled to recover the same in this suit. The attachment bond which appellee signed with her contained the following provision: "Now, if said Ellen M. Watt shall prosecute her said suit with effect, or in case of failure therein shall well and truly pay and satisfy said William DeFord all such costs in said suit and such damages as shall be awarded against the said Ellen M. Watt, —— heirs, executors or administrators in any suit or suits which may hereafter be brought for wrongfully suing out the said attachment, then the above obligation to be void," etc.

Sufficient appears from all the proof in the case to show that the $500 were deposited with appellee to save him harmless as surety upon the attachment bond of appellant, although the details are not made plain. Appellant failed to prosecute her attachment suit with effect, but as shown by the declaration in the suit on the bond, introduced by appellant, the writ of attachment was quashed on her motion and costs adjudged against her in the attachment suit, to the amount of $108.70. There was no appeal from this judgment for costs against appellant, and for that amount, in any event, both appellant and appellee were liable on the attachment bond. Appellant was, therefore, plainly not entitled to recover her $500 until she had relieved appellee from all danger of having to pay those costs.

Damages were awarded by the judgment in the suit on the bond against appellee alone, and that part of the judgment which ordered that appellant pay the costs of suit was improper and erroneous, for the reason that appellant had not been served with summons or entered appearance in the cause. Appellant insists that there could be no liability on the part of either

appellant or appellee until there was an award of damages against her, and that therefore the judgment against appellee for damages was also erroneous and could easily have been prevented had appellee defended the suit. We do not think this position tenable. If it were, attachment bonds given by non-resident principals with resident sureties would in most cases be practically of no effect, as it is seldom possible, in suits on such bonds, to procure service of process on the non-resident principals. If in the absence of such service on, or an entry of appearance by, the principal, no judgment could be obtained against either principal or surety, judgment in suits on such bonds could be seldom if ever obtained.

We are of opinion, that notwithstanding the failure to obtain service on the principal, judgment in such suit may be rendered against the surety where a breach of the conditions of the bond is shown.

The deposit of $500 was evidently made by appellant to indemnify appellee from loss in going on her attachment bond. He suffered loss by reason of the judgment against him in the suit on the bond, and under the terms of the contract between them he had a right to use the fund deposited with him to indemnify him for the loss so sustained by him.

If appellant could be permitted in this collateral suit to take advantage of the fact that the judgment was entered against appellee in the suit on the bond by default, yet it would nevertheless be her duty to show to what extent she was injured by appellee's failure to make a defense to that suit. This, however, she wholly failed to do. We are of opinion the judgment of the court below was correct, and it will accordingly be affirmed.

*Affirmed.*