HOUSTON E. & W. T. RY. CO. v. LEE.

(Court of Civil Appeals of Texas. Feb. 25, 1911.)

RAILROADS (§ 413*)—INJURY TO ANIMALS ON TRACK—FAILURE TO FENCE—"FENCED IN."

Rev. St. 1895, art. 4528, makes a railroad absolutely liable to the owner of stock killed or injured by trains; but if the railroad fence in its road it is liable only for injury due to want of ordinary care. The defendant's right of way was fenced, but a gate in its right of way fence stood open most of the time, and it was not shown to be an opening authorized under articles 4427–4434. Plaintiff's mule went through the gate upon defendant's right of way and was killed. Held, that defendant's road was not "fenced in" as required by the statute, and that it was absolutely liable for the injury.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1459–1473; Dec. Dig. § 413.*]

Appeal from Angelina County Court; J. T. Maroney, Judge.

Action by J. K. Lee against the Houston East & West Texas Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, for appellant. E. B. Robb, for appellee.

McMEANS, J. J. K. Lee sued the appellant, railway company, in the justice court of Angelina county for the value of a mule which was killed on appellant's railway track by being struck by one of its locomotives operated upon the road, and recovered a judgment for $200.

The railway company appealed the case to the county court of Angelina county, where, upon a trial before the court without a jury, a judgment for a like amount was rendered in favor of appellee. From this judgment the railway company has prosecuted this appeal, and seeks a reversal of the judgment upon three assignments of error, the first complaining that the judgment against it was wrong, because the undisputed evidence shows that the mule entered upon the right of way of appellant through a gate; that the right of way was fenced, and that no negligence of defendant was shown; and the second complaining that the great weight and preponderance of the testimony showed that there was no negligence upon the part of the railway company at the time the mule was killed; and the third complaining, in substance, that the evidence showing that the right of way was fenced, and, the testimony being undisputed that the mule did not enter upon the right of way by reason of any defect in the fence, but by reason of a gate upon the right of way being left open, through which the mule entered, and which gate the railway was under no obligations to keep closed, the judgment should have been for appellant.

The testimony in the record justifies the following fact conclusions: On the night of September 12, 1909, the mule in question was turned into the pasture of J. K. Lee, Sr., but in some way got out and went upon the land of Mrs. Kemp; from thence it passed through a gate in the railway right of way fence onto the right of way, where it was struck and killed by a locomotive of appellant drawing a train over the track. The right of way was fenced, but the fence in places was low,

owing to the sagging of the wires of which it was constructed, at places where the staples holding it to the posts had pulled out, and low at other places where sand had washed up against it. The gate through which the mule entered was upon the land of Mrs. Kemp. This gate was not provided with sufficient fastenings to keep it shut, and it stood open most of the time. A railroad spike had been driven into the gate post for a catch for the latch, but it would not hold, and the least wind or jar against the gate would cause it to open. While the testimony shows that the gate was upon the land of Mrs. Kemp, there was no evidence that she owned the land on the opposite side of the right of way, nor that the railroad ran through her inclosure, nor that the gate was constructed to afford her an opening through the fenced right of way, nor that the same was placed there at her request or for her benefit. The evidence simply presents the question of the existence of a gate in the right of way fence, and that this gate, because of insufficient or defective fastenings, remained open most of the time, and when closed could be opened by the least jar or by wind blowing against it. It was not shown that there was any "crossing" over the track, or that the gate, as an opening, was such as is authorized by the act of 1887, p. 39, which is carried into the Revised Statutes of 1895 as articles 4427 to 4434, inclusive.

Article 4528, Revised Statutes, reads: "Each and every railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount. If the railroad company fence in their road they shall only then be liable in cases of injury resulting from want of ordinary care."

In Railway v. Richmond, 28 Tex. Civ. App. 515, 67 S. W. 1031, it is held: "When openings are left in the right of way fence where the railway is not required to leave them, or, in other words, where they are not authorized by law, the fence is not complete, and it would be no defense that this condition was attributable to an arrangement with an adjoining owner, so far as the right of the public or third parties may be affected by the failure to fence at that particular place."

In Railway v. Pruitt, 49 Tex. Civ. App. 375, 110 S. W. 969, it is said: "In order to avoid the absolute liability imposed by statute, the express duty to 'fence in their road' is enjoined by the statute upon the railway company, and we are of the opinion that to accomplish the purpose of this statute the obligation rests upon the railway company, under the statute, to not only 'fence in this road,' but after it has done so, to keep it so 'fenced in,' as in the first instance, to exclude live stock * * * from entering upon its road. The purpose of the statute is not ac-

complished if the road is not so kept 'fenced in.' * * * A gate made as an opening through the fence is a part of the fence, and so far only as the question here presented in this case on the facts of this case is to be treated as the 'fence' of the railway."

The facts giving rise to this opinion are substantially these: The railway ran through the appellee's farm. Appellee's house, barn, and pasture were situated on the north side of the track and the cultivated portions of the farm on the south side. The right of way was fenced. The railway company, in compliance with a statutory demand by appellee, placed a gate in its right of way fence to enable appellee to get to and from the parts of his farm situated on immediately opposite sides of the right of way. Appellee had nothing to do with, or control over, the gate or opening in the fence. The gate became out of repair, so that one end sagged so low that live stock could pass over it, and appellee's mule passed over it, when upon the track, and was struck and killed by a locomotive being operated upon the track.

In answering a question certified to it by the Court of Civil Appeals, the Supreme Court, in the same case (101 Tex. 553, 109 S. W. 927), uses this language: "But to fence against live stock clearly means so to inclose the land by an obstruction as to prevent the ingress and egress of such stock. In Ft. Worth & Denver City Railway Company v. Swan, 97 Tex. 338, 78 S. W. 920, it was held that a partial inclosure did not exempt the company from liability, though it was shown in that case that the animal, for the killing of which a recovery was allowed, did not enter upon the company's right of way at the opening. In the case of Cleveland, Columbus, Cincinnati & Indianapolis Railroad Company v. Swift, 42 Ind. 119, the court, in speaking of a gate which had been put in a fence of the company's right of way and which had been left insecure, says: 'If the railroad company allow an opening to be made in the fence and left insecure, it cannot any longer be said that the road is securely fenced, and the company is by statute liable for the animals killed, without proof of negligence on the part of the company.'"

We think under the facts of this case the appellant's track was not "fenced in," as that term is used in the statute, and as construed in the decisions above referred to, and that appellee was entitled to a judgment under the circumstances upon making proof that the mule was killed by being struck by the locomotive, without showing that the killing of the mule resulted from the want of ordinary care upon the part of the railway company.

Appellant cites and relies upon the case of Railway v. Hanacek, 93 Tex. 446, 55 S. W. 1117, in support of his assignments. The facts of that case are materially different from the facts of this. In that case the railway ran through an inclosure, and the open-

ings were put there for the purpose of affording a way to and from the premises and inclosures divided by the right of way. In other words, the opening was such a one as was authorized by law. Here it was not shown that the opening was such as is authorized by the statute, nor, indeed, are any facts shown other than the gate was in the right of way fence of the railway company on the premises of Mrs. Kemp, and that the gate was not provided with sufficient fastenings and stood open most of the time. It was expressly held by the Supreme Court in the Hanacek Case that its decision did not "apply to those cases where openings or intervals in fences not authorized by law have been made."

We find no reversible error in the record, and the judgment of the court below is affirmed.

Affirmed.