ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. H. C. GILBERT.

No. 3375.   Decided January 10, 1923.

(246 S. W., 347.)

1.—Railway—Killing Stock—Fences—Open Crossing—Pleading.

In a pasture divided by a railway the track was fenced, but with an open crossing with wing fences and cattle guards, but no gates, and had so existed for twenty-five years without objection by the owner to the form of crossing. In an action for value of live stock killed at such crossing, there being no evidence of negligence therein, it is *held*:

(1)   The track was fenced as required by article 6603, Revised Statutes.

(2)   The open crossing was such an opening as is required by article 6686, Revised Statutes, which, by failing to prescribe the form of crossing, leaves it to be determined by the parties, and is satisfied if the proprietor finds such open crossing to meet his convenience.

(3)   The proprietor having the right to agree to an open crossing if he desires, his acquiescence in it for twenty-five years without complaint afforded presumptive evidence that it was so made at his instance or with his concurrence.

(4)   The facts from which such presumption arose constituted a special defense which must be pleaded and proven by defendant company.   (pp. 291-293).

2.—Same.

Where public convenience or the safety of its employes require that the track be left unfenced the railway company is absolved from liability for killing stock unless the injury resulted from want of ordinary care.   With equal reason a like rule should obtain where, being required to construct a private crossing, by agreement of the proprietor or with his concurrence and acquiescence, for his convenience, an opening without gates is made and maintained.   (pp. 291, 292).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The Supreme Court having referred the questions presented to the Commission of Appeals, Section A, their opinion thereon is here adopted and certified by the Supreme Court as its answer to the questions.

*E. B. Perkins, Thompson, Barwise, Wharton, & Hiner, F. B. Walker,* and *Alfred McKnight,* for appellant.

The evidence in this case showing that the mules belonging to appellee were struck and killed at a private crossing over and across the tracks and right of way of appellant and the evidence further showing that such crossing was within an enclosure or property belonging to appellant and that such crossing was an open crossing, having been left when the fence was constructed on the right of way, and the evidence further showing that the said crossing was properly equipped with cattle guards and the right of way adjacent to each

end of said crossing was properly fenced, and the evidence further showing that said crossing was for the sole use and benefit of appellee so as to afford a means of egress and ingress for himself and for his mules from one part of his pasture to the other, the said crossing was, therefore, a lawful crossing as provided for by Article 6486, Revised Statutes, and was a crossing of necessity for the appellee, and there being no evidence sufficient to raise the issue of negligence, or want of ordinary care on the part of appellant in the operation of its train which struck and killed the appellee's said mules, the lower court did, therefore, commit error in refusing to give in charge to the jury appellant's specially requested instruction No. 1, which was a peremptory instruction. Penshorn v. I. & G. N. Ry. Co., 186 S. W., 868; H. E. & W. T. Ry. Co. v. Lee, 135 S. W., 694; I. & G. N. Ry. Co. v. Williams, 175 S. W., 487; San Antonio & Aransas Pass Railway Co. v. Grier, 20 Texas Civ. App., 138, 49 S. W., 149; G. C. & S. F. Ry. Co. v. Mitchell, 18 Texas Civ. App., 380, 45 S. W., 820; Austin & N. W. Ry. Co. v. Saunders, 26 S. W., 128; Railway Co. v. Pruitt, 110 S. W., 969; G. C. & S. F. Ry. Co. v. Rowland, 70 Texas, 298; M. K. & T. Ry. Co. of Texas v. Hanacek, 93 Texas, 450; Burgess v. M. K. & T. Ry. Co. of Texas, 41, S. W., 704; M. K. & T. Ry. Co. of Texas v. Chenault, 24 Texas Civ. App., 481, 60 S. W., 60.

*Baskin, Eastus & Ammerman,* and *David Greines,* for appellees.

The evidence in this case showing that the mules belonging to appellee were killed by a train of appellant while on appellant's line of railway, and the evidence further showing that the appellant's said line of railway crossed the said pasture land belonging to appellee and divided the same into two parts, and the evidence further showing that said appellant's line of railway running through appellee's said pasture where the said mules were killed was not fenced as provided by article 6603 of the Revised Statutes, but that on the contrary, said appellant maintained an open crossing over and across said tracks and right-of-way at which said crossing the said mules were killed; and the said open crossing, not being an opening as provided by article 6486 of the Revised Statutes, the lower court, therefore, correctly refused to charge the jury as requested in appellant's special requested instruction No. 1, which was a peremptory instruction. Article 6603, Revised Statutes of Texas; Article 6486, Revised Statutes of Texas; Texas Cent. Ry. Co. v. Pruitt, 101 Texas, 548; Houston E. & W. T. Ry. Co. v. Lee, 135 S. W., 694; Ft. Worth & R. G. Ry. Co. v. Swan, 97 Texas, 338; M. K. & T. Ry. Co. v. Hanacek, 93 Texas, 446; Penshorn v. I. & G. N. Ry. Co., 186 S. W., 868; M. K. & T. Ry. Co. v. Chenault, 92 Texas, 501; Texas Cent. Ry. Co. v. Wills, 116 S. W., 145; Ft. Worth & D. C. Ry. Co. v. Roberts, 29

Texas Civ. App., 566, 69 S. W., 985; Texas & P. Ry. Co. v. Corn, 114, S. W., 103.

MR. PRESIDING JUDGE SPENCER delivered the opinion of the Commission of Appeals, Section A.

According to the certificate of the Court of Civil Appeals, H. C. Gilbert, appellee, owned certain pasture land consisting of about forty acres, enclosed by a fence, located and situated near the town of Smithfield in Tarrant County, Texas. The St. Louis, Southwestern Railway Company of Texas, appellant, owns a right of way and track crossing the enclosed pasture land of appellee, dividing it into two parts.

The right of way and track were fenced on either side, with the exception of an open crossing on appellant's track, which crossing was provided with cattle guards and lines of fence connecting the cattle guards with the right of way fences. There was no house upon the premises but appellee lived about a mile therefrom.

The premises were used for pasture purposes only, and one part of the enclosed premises which was divided by the railway of appellant, contained a tank or watering place for stock. Appellee had owned the premises for about twenty-five years and the railway track crossing the enclosed premises, the fence enclosing the right of way and the open crossing were upon the land when appellee purchased it, or were built soon thereafter. The opening or crossing is a private one not used by the public and its use limited to the owner of the land, in order that he might have passage for himself and live stock between one part of the premises and the other.

On the night of November 18, 1918, three mules belonging to appellee, which were in the pasture in question, were killed on the open crossing by the train and cars belonging to and being operated by appellant. No evidence as to appellant's negligence was offered;— no witness testified to having witnessed the accident.

Upon original hearing in the Court of Civil Appeals the cause was reversed and remanded; and the first motion for rehearing filed by appellee was overruled. Mr. Justice Buck dissented, however, in overruling the first motion for rehearing. A second motion for rehearing and a motion to certify was granted, and the Court certifies the following question, based upon the foregoing statement of facts:

"(1) Was the said tract and roadbed of the appellant, which ran through the said enclosed premises of the appellee, fenced as required by article 6603 of the Revised Statutes of the State of Texas?

"(2) Was the said open crossing over the said roadbed and tracks such an opening as is authorized or required by article 6486 of the Revised Statutes of the State of Texas?

"(3)   Where the facts show that for twenty or twenty-five years the owner of the land has used the open crossing connecting his lands, and it is to his convenience to have an open crossing rather than a closed one, and the evidence fails to show that he has ever made any complaint to the railway company, is there a presumption of fact that such crossing was put there in the first place at the instance of the owner, or that he has concurred in the open crossing as being more suitable to his use of his premises?

"(4)   If the court answers the preceding question in the affirmative, and decides that there is such a presumption of fact, then is this a special defense, which should be specially pleaded and proved?"

Articles 6486 and 6603, Revised Civil Statutes of 1911, read as follows:

"Art. 6486.   All railway corporations in this state, which have or which may hereafter fence their right of way, may be required to make openings or crossings through their fence and over their roadbed along their right of way every one and one-half miles thereof; provided, that, if such fence shall divide any inclosure, that at least one opening shall be made in said fence within such inclosure.

"Art. 6603.   Each and every railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount.   Such liability shall also exist in counties, and sub-divisions of counties which adopt the stock law prohibiting the running at large of horses, mules, jacks, jennets and cattle; provided, however, that in all cases, if the railroad company fence its road, it shall only be liable for injury resulting from a want of ordinary care."

The decision of the first question certified depends upon whether the railway company had fenced its road, at the point where the stock were killed, in such a manner as to exempt it from absolute liability.

The Supreme Court in construing article 6603 has repeatedly held that, where a railroad company has not fenced its track, where it is lawful to do so, its liability for injury to live stock, caused by operations of its locomotives and cars, is absolute.   Ft. Worth & R. G. Ry. Co. v. Swan, 97 Texas, 338, 78 S. W., 920; Texas & P. Ry. Co. v. Webb, 102 Texas, 210, 114 S. W., 1171.   If live stock be killed by the operation of locomotives and cars at a point where the track is not fenced, the law presumes negligence.   If, however, the railway company show that public necessity or convenience or the safety of its employes, in handling its trains, require that the track, at the point where the accident occurred, be left unfenced, it is thereby absolved from liability, unless the injury has resulted from the want of ordinary care on the part of its servants to prevent the injury.

International & G. N. Ry. Co. v. Dunham, 68 Texas, 231, 2 Am. St., 484, 4 S. W., 472; Ft. Worth & R. G. Ry. Co. v. Swan, supra.

With as much reason, do we think, railways should be absolved from absolute liability (1) in those cases in which they may in pursuance of a statute be compelled to make openings through their fence and over their roadbed, and (2) in those cases where by agreement with the owner and for his convenience an opening without gates is made and maintained, or where by his concurrence or acquiescence such an opening is made and maintained.

In making provision for an opening in the fence of a railway company for the convenience of the owner, where the track of a railway company divides the owner's enclosure (art. 6486), the Legislature has not outlined the nature or character of the opening to be made, but has left this matter of detail to be determined by the owner of the enclosure and the railway company. Missouri, K. & T. Ry. Co. of Texas v. Hanacek, 93 Texas, 446, 55 S. W., 1117. It not appearing from the facts stated in the certificate that the opening was insufficient or inappropriate to meet the needs of appellee, it should be held that the opening is such a one as meets the requirement of article 6486.

The statute requiring the railway company to make openings in its fence where its road runs through an enclosure of a land owner, has been in force since 1887. As has already been pointed out, the nature and character of the opening has not been suggested by the Legislature; but this matter has been left to the determination of the parties. There is, we think, a presumption that the law with reference to providing an opening has been complied with, if the facts with reasonable certainty indicate that there was an intention upon the part of the railway company to do so, and the owner, by long usage of the opening so made, has concurred or acquiesced in the opening so made. Considering the facts, that for twenty or twenty-five years the owner of the land has used the opening in question; that it is to his convenience to have an opening without gates instead of a closed one; and that the evidence further shows that he failed to make any complaint to the railway company of the opening used, there is, we think, a presumption of fact that he has concurred and acquiesced in the opening without gates as being more suitable to his use of the premises.

The owner's agreement to use an opening without gates or his acquiescence in the use of such an opening is a matter of special defense which, to avail the railway company, should be specially pleaded and proved. The first, second, third, and fourth questions are, therefore, answered in the affirmative.

BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

C. M. Cureton, Chief Justice.