TEXAS & PACIFIC RAILWAY COMPANY V. J. R. GLENN.

No. 1330.

1. **Railway Company—Injury to Live Stock—Gates.**—Where a railway company, for the benefit of a land owner through whose premises its track extends, provides gates through its fence for a private way across its track, it is not bound to see that the gates are kept closed by passers in order to exempt itself from liability for live stock killed by its trains at such crossing.

2. **Same—Liability for Injuring Stock at Public Crossing.**—Where a railway company has fenced its track, negligence on its part must be affirmatively shown in order to render it liable for injury to live stock at a public crossing; such, for example, as a defective cattle guard, which had allowed the stock to go from the fenced crossing out upon the track.

APPEAL from the County Court of Palo Pinto. Tried below before Hon. W. E. NEWBROUGH.

*J. T. Daniel,* for appellant.—1. The defendant was only required to use ordinary care in keeping up the gates erected for plaintiff's bene-

fit, and it was no part of its duty to keep said gates closed. If the gates were erected and built for plaintiff's benefit at a private crossing in plaintiff's farm, then it was the duty of plaintiff to keep them closed, and if he failed to do so and his stock was killed by reason of such failure, then he should not be heard to complain of the loss; and the jury should have been so instructed. 3 Laws. Rights and Rems., 1408; Am. and Eng. Encyc. of Law, 916, 917.

2. If the lane was a public necessity and convenience for the plaintiff and his neighbors, and one of plaintiff's horses was on the crossing when struck, then the defendant would not be liable unless there was negligence on the part of the operatives of the train. Railway v. Cocke, 64 Texas, 151.

No brief for appellee reached the Reporter.

TARLTON, CHIEF JUSTICE.—This appeal is from a judgment in which the appellee recovered damages for the negligent killing by appellant's trains of one gray horse, on August 24, 1891, and of one mare and one bay horse, on January 1, 1892.

Appellee was the owner of a farm, separated by the appellant's railway track coursing through it east and west. The appellant had fenced its right of way, and there is evidence tending to show that this fence was good and sufficient. The dwelling house of the appellee was in the southern portion of his farm. South of the dwelling house a road traversed his farm north and south, crossing the track of the appellant. At each point of entrance by this road of the fence inclosing its right of way, the appellant had constructed a gate for the convenience of the owner of the farm. These gates were substantial structures, and so built as to shut themselves when they were opened by persons travelling the road.

The road in question was used by the appellee in going from one part of his farm to the other, and was also, by his permission, used by his neighbors as a passway to the mill and postoffice. A short distance west of this road, and coursing parallel with it, was a lane, which separated the farm of the plaintiff, east of it, from that of a neighbor, Mrs. Bearden, west of it. This lane was used as a public convenience for the neighborhood, and as an "outlet to the people to water." On each side of this lane, where the appellant's railway track intersected it, the appellant had caused cattle guards to be constructed. There was evidence tending to show that these cattle guards were insufficient.

The gray horse killed on August 24 was encountered, as the evidence shows, either in this lane or it was knocked by the locomotive of the appellant from the lane across the west cattle guard. The animals killed on January 1, 1892, were turned into the field on the south side of the company's track on the evening of December 31. The evidence

tends strongly to show that, during the night of that day or the morning of the next, they passed through the gate entering the appellant's right of way from the south, went upon the right of way, and were killed by a passing train. The evidence tends further to show, that the gates were left open by neighbors using the road.

Under these facts the question arises, with reference to the animals last mentioned, whether, in the absence of testimony showing the want of ordinary care on the part of the appellant, the latter is to be deemed guilty of negligence, in the fact that the gates in question were left open; or in other words, whether the duty devolved upon the appellant or upon appellee to see that the gates were closed.

We have heretofore, in the case of Sears v. Railway, disposed of by us in an oral opinion, had occasion to consider this question; and we then concluded that, where a railroad company, for the convenience of the adjoining owner of the farm, erects gates in a fence with which it has inclosed its right of way, the duty rests upon the owner of the farm, and not upon the company, to keep these gates closed, and that, where under such condition of facts, the company, in the operation of its trains, exercises ordinary care, it can not be held liable for the killing of stock which has passed through such gates upon its right of way. We adhere to the conclusion then announced.

In the case of Adams v. Railway, 26 Pacific Reporter, 439, the Supreme Court of Kansas, on this subject, uses the following language: "To place upon the railroad company the responsibility of keeping the gates closed, would require that an employe of the company should be stationed at every crossing to see that the land owner performed the implied obligation resting upon him of closing a gate provided for his special benefit. This would be an impracticable and unreasonable burden, and was manifestly not within the contemplation of the Legislature."

This rule is announced on the assumption that the fence and gates constructed by the company were not insufficient. As the evidence in this instance tends to show that these structures were not defective, and as the court in its instructions to the jury, and in its refusal of requested charges, ignored the doctrine above announced, the judgment in this case must be reversed.

With reference to the animal killed on the 24th of August, 1891, we are of opinion, that if the evidence should show that its death resulted from a collision with the company's train in the lane referred to, liability would not attach to the company, in the absence of negligence affirmatively shown; and this because the existence of the lane was due to public necessity and convenience, and the company was not required to fence its track at that point. Railway v. Cocke, 64 Texas, 151; Railway v. Dunham, 68 Texas, 231; Railway v. Wallace, 2 Texas Civ. App., 271.

But if, on the other hand, the animal entered upon the right of way over defective cattle guards, and hence came in contact with the

train of the appellant, the latter would presumably be liable for its killing.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Delivered October 3, 1894.