SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. T. I. GRIER.

Decided December 21, 1898.

1. **Railway Company—Fencing Right of Way—Exemplary Damages.**

A railroad company is liable for both actual and exemplary damages where it has fenced its right of way through plaintiff's inclosure without making, after notice, an opening for him, while it has made requisite openings for his neighbors on either side of him.

2. **Same—Opening for Inclosures—Request—Diligence.**

It is the legal duty of a railroad company, under article 4427, Revised Statutes, to make openings or crossings for cattle along its fenced right of way where it intersects an inclosure, without any request on the part of the adjoining landowners, so that whether it exercised reasonable diligence after request made for an opening is immaterial in an action to recover damages sustained by reason of failure to make it.

3. **Same—Same—Ratification.**

A railway corporation can only act through its officers, and is chargeable with the ratification of acts of oppression committed by its servants and which their superiors did not prevent or remedy.

4. **Same—Exemplary Damages.**

Exemplary damages in the sum of $100 are not excessive where a railroad company exhibits gross negligence and oppression in failing to provide an opening through its fenced right of way across an inclosure which cut off the owner's cattle from water and grass.

5. **Same—Same—Evidence of Discrimination.**

Evidence that a railroad company made openings in its fence for the passage of the cattle of the plaintiff's neighbors, but failed to do so for him, as required by statute, shows discrimination, and is admissible on the question of exemplary damages.

APPEAL from the County Court of Wilson. Tried below before Hon. A. R. STEVENSON.

*Stayton & Berry,* for appellants.

*W. H. Blanton* and *E. B. Cocke,* for appellee.

FLY, Associate Justice.—This suit was instituted in the County Court of Wilson County to recover actual and exemplary damages for fencing up a right of way through the land of appellee so as to cut off his cattle from water and grass.    There was a trial by jury resulting in a verdict and judgment for $300 actual and $100 exemplary damages in favor of appellee.

On a former appeal of this case the judgment was reversed because it appeared from the record that the railway company had owned the right of way prior to the passage of the Act of 1887, which required that at least one opening shall be made in any fence inclosing any right of way which shall divide any inclosure.    Railway v. Grier, 42 S. W. Rep., 1042.

An amended petition was filed after the cause was remanded, alleging that the right of way belonged to appellee and had never been conveyed to appellant, and the fencing was done in 1896, which met the grounds of reversal on the former appeal.

The general demurrer and special exceptions were properly overruled. The petition sets up a good cause of action for both actual and exemplary damages.    The pleadings are to the effect that certain officers of the corporation were informed of the circumstances of the case and failed to comply with the demand of appellee for a passage for his cattle to water and grass.

The fourth assignment of error is without merit.    The uncontroverted testimony was to the effect that there was a shrinkage in the value of the cattle, and if the charge did assume the existence of that fact, it was not error.    The court, under the facts, might in plain terms have informed the jury that there had been a shrinkage in value.

There was a sufficient allegation to show that appellee was entitled to exemplary damages, and the proof sustained the allegation.    Not only did appellant order the fence built across the inclosure without leaving an opening, but notice was given to its officers of the fact that an opening was needed by appellant, and although openings were made for his neighbors on either side of him, none was given him until his damages had accrued.

It is the settled law that the master, whether an individual or a corporation, is liable in damages for the fraud, malice, gross negligence, or oppression of the servant when it appears that the acts were committed by direction of the master, were ratified by him, or that he has been guilty of negligence in the selection of such servants.    Hays v. Railway, 46 Texas, 272; Railway v. Garcia, 70 Texas, 207; Railway v. Morgan (Texas Civ. App.), 46 S. W. Rep., 672.

The corporation is considered as acting or not acting in the connection above intended when its officers act or do not; and when the officers, namely, the roadmaster and general manager, failed to act, it must be taken that they, and through them the corporation, ratified the acts of oppression on the part of its servants.    If the roadmaster or the general manager could have authorized the building of the fence, then

they or either of them could ratify the act of the servants in building it.    Thomp. on Corp., sec. 5286.

It is provided in article 4427, Revised Statutes, that "all railway corporations in this State which have fenced, or which may hereafter fence their right of way, may be required to make openings or crossings through their fence and over their roadbed along their right of way every one and one-half miles thereof, provided, that if such fence shall divide any inclosure that at least one opening shall be made in said fence within such inclosure." It was evidently the intention of the Legislature to render it the duty of railroad corporations to make openings in their fences outside of inclosures under certain conditions which are fully set forth in the succeeding articles to the above, but it is made their duty unconditionally to make such opening where the fences divide any inclosure. The conditions in the succeeding articles indicate that this construction is correct, because they can not be applied to fences dividing inclosures in which the owner alone is usually interested. We conclude, therefore, that the question of reasonable diligence in making the opening after a request to that effect had been made was not a proper issue in the case. It was the legal duty of the railroad company to make the opening in the fences between the different parts of the land of appellee without any request.

As hereinbefore intimated, there were circumstances in proof that indicated such gross negligence and utter disregard of the rights of appellee upon the part of appellant that justified the jury in finding exemplary damages, and we do not think $100 excessive.

The eleventh assignment of error complains of the court in allowing appellee to testify to openings having been made in the railroad fences for his neighbors, by appellant. This testimony we think competent as tending to show discrimination against appellee, and as bearing upon the question of exemplary damages. Had the evidence been improper, appellant can not complain, for the reason that the same facts were proved by Reynolds, the roadmaster, a witness for appellant.

The judgment is affirmed.

*Affirmed.*