PENSHORN v. INTERNATIONAL & G. N. RY. CO. (No. 5692.)

(Court of Civil Appeals of Texas. May 31, 1916.)

1. RAILROADS ☞103(1) — RIGHT OF WAY FENCES—GATES—MAINTENANCE.

Where a railroad right of way divides an inclosure, the owner may demand and compel the railroad company to place gates in the fences along the right of way to permit passage from one part of the inclosure to the other as required by Rev. St. 1911, art. 6486.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 315, 762; Dec. Dig. ☞103(1).]

2. RAILROADS ☞103(1) — RIGHT OF WAY FENCES—GATES—MAINTENANCE.

Where a railroad places gates at openings in right of way fences, dividing an inclosure as required by Rev. St. 1911, art. 6486, the duty devolves on the owner of the premises to keep such gates in repair.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 315, 762; Dec. Dig. ☞103(1).]

3. RAILROADS ☞413(6) — RIGHT OF WAY FENCES—GATES.

The placing of gates in a right of way fence dividing an inclosure as required by Rev. St. 1911, art. 6486, although unnecessary by reason of another passageway under railroad trestle, is not negligence rendering the railroad liable for live stock escaping through such gates and being killed on right of way.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1468, 1472; Dec. Dig. ☞413(6).]

Appeal from District Court, Comal County; Frank S. Roberts, Judge.

---

Action by Otto Penshorn against the International & Great Northern Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Henne & Fuchs, of New Braunfels, for appellant. Wilson, Dabney & King, of Houston, and Fisher & Fisher and Robt. Thompson, all of Austin, for appellee.

FLY, C. J. This is an action for damages resulting from the killing of two horses and two mules of the aggregate value of $1,-000, while they were on the track of appellee. The negligence, as alleged, consisted in having a gate in a fence dividing appellant's land, which was not erected for the benefit of appellant, but was unnecessary, as there was a trestle on the railroad, under which appellant could pass from one part of his land to the other; that it was negligent in appellee to permit the gate to remain in the fence, and in permitting the gate to remain open so that the animals of appellant could go upon the right of way; that telephone companies that had lines running along and near the railroad track were in the habit of throwing down the fence and using the gates, and left them open; that appellant had requested appellee to prevent the telephone companies from tearing down the fence, but it failed to do so and did not repair the fence; that the servants of the telephone companies left the gate open on the day the stock was killed, and, if appellee had repaired the fences, it would have seen the gate open and could have closed it; and that the employés of appellee, by the exercise of ordinary care, could have seen the animals on the track in time to have prevented striking and killing them. The court, after hearing the evidence of appellant, instructed a verdict for appellee.

When appellant bought the land in question, it was divided by the right of way of appellee, and gates were in and through the fences of appellee to give a way to pass from one part of the land of appellant to the other. There was also an opening under a trestle which appellant often used in passing from one part of his land to the other. He also used the gates, but to quote his own expression: "I did not use the gate unless I just happened to be going through there." That would seem to be the usual and customary way of using gates. Appellant at no time objected to the gates and never requested their removal; but, on the other hand, he used the gates and sought to have cattle guards put on the right of way in order to use them more. There was no evidence of negligence on the part of appellee, unless it was negligence to put the gates in the partition fences.

[1] The leaving of the opening through the fences dividing the inclosure of appellant was in direct compliance with the requirements of Rev. Stats. art. 6486. The opening under the trestle did not comply with the law, for the opening is required to be made in the fence, and appellant could have demanded and compelled appellee to make the opening. Railway v. Burgess (Tex. Civ. App.) 41 S. W. 703; Railway v. Ford (Tex. Civ. App.) 42 S. W. 589; Railroad v. Grier, 20 Tex. Civ. App. 138, 49 S. W. 148.

[2] Appellee had the right to place gates at the opening, and then the duty devolved on the owner of the contiguous land to keep the gates closed. Railroad v. Glenn, 8 Tex. Civ. App. 301, 30 S. W. 845. In that case it was shown that the gates were left open by third parties, just as in this case it was shown that employés of telephone companies left the gates open, and the court held that:

"Where a railroad company, for the convenience of the  * * *  owner of the farm, erects gates in a fence with which it has inclosed its right of way, the duty rests upon the owner of the farm, and not upon the company, to keep these gates closed; and that where, under such condition of facts, the company, in the operation of its trains, exercises ordinary care, it cannot be held liable for the killing of stock which has passed through such gates upon its right of way."

[3] It is not intimated that the gates erected by appellee in the present case were not sufficient, but the whole theory of appellant is that the gates ought not to have been erected because there was a gully through which appellant could pass, and that it was the duty of appellee to keep watch on the employés of the telephone companies and prevent them from leaving the gates open. The gates were placed in the fences before appellant bought the land, presumably at the request of the owner, because railroad companies are not in the habit of spending their money for amusement, but usually at the beck and call of the law, and appellant at no time protested or demanded that the gates be removed, but used the gates whenever he "happened to be going through there."

If it be admitted that there was, in view of the existence of a passageway under the trestle, no necessity for the opening in the fences and erection of the gates, still that fact could not affect the validity or legality of the opening and gates. The law commanded the making of the opening in the fence, however unnecessary it may have been, and a compliance with the law would not become illegal because a compliance with it under the circumstances was not necessary for the convenience of the landowner.

There was no evidence whatever of negligence on the part of the appellee, and the court did not err in instructing a verdict for appellee.

The judgment is affirmed.