DAVIS, Director General of Railroads, v.
WILSON. (No. 1335.)

(Court of Civil Appeals of Texas.   El Paso.
May 4, 1922.)

1. Evidence ☞474(19)—Owner could testify as to value of horse killed at crossing.

In an action for the value of a horse killed at a public crossing, the owner was competent to testify as to its value.

2. Railroads ☞441(3)—Owner of animal killed at crossing must prove negligence.

In an action for the killing an animal at a public crossing, the burden is on plaintiff to show more than the killing of the animal; and it is incumbent upon him to show that the animal was killed through negligence on the part of the employés operating the train.

3. Railroads ☞443(4)—Evidence insufficient to show negligence in killing horse at crossing.

In an action for killing a horse at a public crossing, evidence held insufficient to show negligence.

Appeal from Taylor County Court; D. G. Hill, Judge.

Action by N. E. Wilson against James C. Davis, Director General of Railroads. Judgment for plaintiff, and defendant appeals. Reversed, and judgment for defendant.

Stinson, Coombes & Brooks, of Abilene, for appellant.

Ben L. Cox, of Abilene, for appellee.

WALTHALL, J.   N. E. Wilson, appellee, brought this suit in the justice court of Taylor county against James C. Davis, Director General of Railroads, to recover the value of one horse, alleged to be of the value of $150, and $20 attorney fees, the animal alleged to have been killed through the negligence of the employés of appellant in operating the trains of the Texas & Pacific Railway Company, and for the account of its receivers, J. L. Lancaster and Charles L. Wallace.

Appellant answered by general demurrer, general denial, and by special answer, that the accident resulting in the death of the animal occurred at a public crossing where a public road crosses the railroad track, a place where appellant is prohibited from fencing its track, and that the accident was not the result of any negligence of the employés of appellant; that the stock law was in force at the time and place where the accident occurred prohibiting animals from running at large, and alleges negligence on the part of appellee in permitting the horse to run at large.

The case was appealed to and tried in the county court without a jury, and resulted in a judgment for appellee in the sum of $150.

No findings of facts as made and filed by the court are found in the record.

Findings of Fact.

Appellee was the owner of the animal. It was killed by one of appellant's trains, about 4 o'clock on the morning of October 29, 1919. On the night of the accident the animal had been put in appellee's lot and the gate fastened, or at least closed. The horse was found dead the following morning near the railroad track with every indication that it

had been struck and killed by a train. It was lying about 40 yards from the intersection of the public road and the railroad track. The horse was shod. One of its shoes was jerked or pulled off in the collision and found on the road crossing and hung under one of the railroad rails. Appellee testified that—

The "horse was laying with his head west, that is, kind of northwest, where he was bumped off by the train, and a place plowed up where he had hit the ground 4 or 5 feet, where he hit, something like 40 yards off."

No one saw the accident. In making out his stock claim to the claim agent for the death of the horse, appellee, among other things, said: The locality of the accident was covered by the stock law; that the accident occurred on a public crossing.

The railroad track was fenced up to the right of way at the time and place of the accident. Appellee made demand on appellant for the loss, and demand refused. The value of the animal is shown to be $150. We think it irresistibly appears from the evidence that the animal was struck by the train and killed while the animal was on the public road at the intersection of the road and the railroad track and carried by the train to where it was found.

[1] We think there is no error in admitting, over objection the testimony of the owner of the animal as to its value, as claimed under the first proposition. He testified as to the age, size, weight, and general condition of the horse at the time; had handled horses all his life, stating the number of years; that he was running a dray business at the time and place where the horse was killed; had occasion to buy and sell horses at that time and place and was acquainted with the market value of the horse at that time and place.

[2, 3] However, the burden of proof is on the appellee, the plaintiff, where an animal is killed at a public road crossing with a railroad track, to show more than the killing of the horse; it is incumbent upon him to show that the horse was killed through negligence on the part of the employés operating the train. There is no evidence whatever to show that the employés of appellant operating the train saw the animal on the track, or that they could have seen it by the exercise of care and diligence, or were negligent in avoiding striking the animal after it was seen, if it was seen, or could have been seen by the exercise of care; nor is it shown that the employés did not keep a lookout so as to prevent injury. It is not shown the distance from the crossing from which the animal could have been seen. Negligence is a question of fact to be shown and not presumed. The following authorities fully sustain the

above: Missouri, K. & T. Ry. Co. v. Baker, 99 Tex. 452, 90 S. W. 869; Railway Co. v. Bennett, 59 Tex Civ. App. 321, 126 S. W. 607; Henry v. M., K. & T. Ry. Co. (Tex. Civ. App.) 65 S. W. 644; I. & G. N. v. Cocke, 64 Tex. 151, holding that the burden of proving want of due care rests upon the plaintiff; Railway Co. v. Hudson, 77 Tex. 494, 14 S. W. 158; Railway Co. v. Glenn, 8 Tex. Civ. App. 301, 30 S. W. 845.

In Railway Co. v. Dunham, 68 Tex. 231, 4 S. W. 474, 2 Am. St. Rep. 484, it is held that, where the running of stock at large is prohibited the railroad company is liable only when shown to be guilty of gross negligence.

For reasons stated, the court was in error in rendering judgment in favor of appellee. Believing that the facts of the case have been fully developed, the case is reversed, and judgment here rendered for appellant.