ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS et al. v. COX. (No. 8761.)

(Court of Civil Appeals of Texas. Dallas. Feb. 17, 1923. Rehearing Denied March 17, 1923.)

1. Action ⟸45(1)—Causes of action for killing mules at different times and places held properly joined.

Where one mule was killed by negligent operation of defendant's train, and another mule was killed at another time and place, also by defendant's train, the owner could sue for the killing of both mules in one action, notwithstanding the amount of damages claimed in one instance was within the jurisdiction of the county court, and in the other within the

jurisdiction of the justice's court, since where several causes of action are in the plaintiff in the same capacity and against defendant in the same capacity, they may be joined in one suit.

**2. Railroads ⊕⎯446(2)—Negligence of engineer of train killing mules held for jury.**

In an action against a railroad company for killing mules belonging to plaintiff by the negligent operation of its trains, evidence as to the speed of the trains, failure to give signals, and to keep lookout, *held* to make it a question for the jury whether or not the engineer in charge of the train was negligent.

**3. Negligence ⊕⎯139(1)—Where negligence must be alleged and proved and evidence is conflicting, court must define negligence and submit question to jury.**

Where it is necessary to allege and prove negligence, and the case is tried before a jury upon conflicting evidence, it is indispensable that the court in submitting the facts to the jury, whether on a general charge or special issues, should define negligence and submit the question of fact as to whether or not the injury was caused through negligence.

*On Motion for Rehearing.*

**4. Railroads ⊕⎯447(1)—Requested instruction held sufficient to define negligence in action for killing mules on track.**

In an action against a railroad company for the negligent killing of plaintiff's mules by defendant's train within the switch limits of a town, a requested instruction that, if defendant kept its cattle guards near the depot and operated its trains through such town, at the time it was alleged that the mules were killed, as a reasonably prudent person would have done under similar circumstances and conditions, there would be no liability, *held* a sufficient definition of negligence, and refusal to give it was error.

**5. Railroads ⊕⎯411(4)—Railway liable for injuring animals within fenced portions of right of way only when resulting from lack of ordinary care.**

A railway company is liable for injuring and killing animals within the fenced portions of its right of way only when the injuries result from a lack of ordinary care.

**6. Railroads ⊕⎯441(3)—Burden on plaintiff to prove lack of ordinary care resulting in killing of stock within fenced part of railroad right of way.**

Where animals are killed by the operation of a railroad while within the fenced portions of its right of way, the burden is upon the plaintiff both to allege and prove a lack of ordinary care.

Appeal from Henderson County Court; Joe A. Johnson, Judge.

Action by M. A. Cox against the St. Louis Southwestern Railway Company of Texas and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Richard Mays, of Corsicana, and E. A. Landman, of Athens, for appellants.

Miller & Miller, of Athens, for appellee.

HAMILTON, J. This suit for damages was instituted by appellee for the recovery of the value of two mules alleged to have been killed on the right of way of the St. Louis Southwestern Railway Company of Texas. It was alleged that the death of each of the mules was caused by reckless and careless operation of the trains which struck and killed them. One of the mules was alleged to have been killed on the 25th day of September, 1919, and the other on the 20th day of October, 1919. The amount of damages alleged to have been occasioned by the killing of one of the mules was $225, and the amount of damages alleged to have resulted from the killing of the other was $150.

[1] The first proposition presented on this appeal is to the effect that the suit as pleaded involves a misjoinder of causes of action, because the wrongful acts are alleged to have occurred on different dates without any connection between the two; one of them being in an amount within the jurisdiction of the county court and the other in an amount within the jurisdiction of the justice of the peace's court. This does not constitute a misjoinder of causes of action, and the proposition cannot be sustained. The pleading clearly presents a cause of action alleged for two separate and distinct torts committed by the same instrumentality and substantially in the same way and under identical circumstances. It was proper to combine them in one cause of action, as was done by appellee. Where the several causes of action are "in the plaintiff in the same capacity and against the defendant in the same capacity" they may be joined in one suit.

[2] Appellee sufficiently alleged negligence, and the proof was sufficient to support a finding of negligence on the part of appellant. There was proof to the effect that the train in each instance was being run at a very rapid rate, and that it passed through the town of Murchison, within the limits of which one of the mules was killed, and within, or very near, the limits of which the other mule was killed also. The proof is uncontradicted that the trains did not slacken their speed, and that no signal or alarm of any kind was given, such as the ringing of the bell and the blowing of the whistle. The engineer on the train which is alleged to have killed the animal on October 20, 1919, testified that he was keeping a lookout, and that he did not see either animal on the right of way, and that so far as he knew he did not strike either one. This evidence, however, was to be considered by the jury with evidence of a contradictory nature, and it was within the province of the jury to de-

termine from the whole of the testimony bearing on the question as to whether or not the engineer was negligent. The cause was submitted to the jury upon special issues, which were as follows:

"What was the market value of the mule killed on the east side of the depot at Murchison in 1919?

"What was the market value of the mule killed on the west side of the depot at Murchison in 1919?

"Was the stock gap just this side or west of the depot in the town of Murchison out of repair at the time the mules were killed?

"Did the defendants' servants in the operating of the train that killed the mule on the east side of the depot ring the bell, blow the whistle, or make any noise to scare said mule when the same was killed?"

[3] The evidence shows that one of the mules was killed within the fenced portion of the right of way, and there was testimony which showed that the cattle guard was in such condition through lack of repair that animals could pass across it into the inclosure made by the right of way fence; and that the other mule was killed inside the limits of the switchyard in the town of Murchison, where there could be no fencing done or required. Such being the circumstances in each instance, liability could not be fixed without allegations and proof of negligence. Where it is necessary to allege and prove negligence, and the case is tried before a jury upon conflicting evidence, it is indispensable that the court in submitting the facts to the jury, whether on a general charge or special issues, should define negligence, and should also submit to the jury the question of fact as to whether or not the killing was caused through negligence.

In this case appellant excepted to the charge of the court because negligence was not defined and because the question of whether or not the killings resulted from negligence was not submitted.

The court having failed and refused to define negligence, and having failed to submit to the jury the question of fact as to whether or not the killings were the direct and proximate result of appellants' negligence, the judgment was erroneous, and accordingly it is reversed, and the cause is remanded to the trial court.

On Motion for Rehearing.

This case was not briefed by appellee and, in considering appellant's brief and the record, a special charge requested by appellant and given by the trial court was overlooked by this court. This charge was substantially to the effect that if the jury believed from the evidence that the defendant's (appellant's) train killed the mule alleged to have been killed within the switch limits of Murchison, and also believed that the defendant was not negligent in the operation of the train, then they should not consider the value of this particular mule at all, for the reason that there was no liability for the killing unless negligence had been shown upon defendant's part.

[4] For the first time our attention is called to this charge by appellee in his motion for a rehearing. This charge and the special issues set forth in our original opinion constitute the entire charge given. Upon this phase of the case appellant requested a special charge defining negligence, by instructing the jury that if appellant kept its cattle guards near the depot at Murchison and operated its trains through Murchison at the time it was alleged that the two mules were killed, as a reasonably prudent person would have done under similar circumstances and conditions, then there would be no liability. This requested charge was sufficient, we think, to define negligence under the circumstances as consisting of failure to use ordinary care. The court refused to give it, and appellant specifically objected to the charge as given because it did not attempt to define negligence. The charge containing no definition of negligence, and appellant objecting to it on that ground and requesting a special charge defining negligence, the charge must be held to have been fatally defective in this respect.

[5, 6] Furthermore, notwithstanding the fact that appellant requested the charge defining negligence and excepted to the charge as given because it did not contain a definition of negligence, no charge whatever was given to the jury so much as even submitting the question of whether or not appellant's servants exercised ordinary care in the operation of the train which it was alleged killed the mule west of Murchison on a portion of the right of way under fence. It is well settled that a railway company is liable for injuring and killing animals within the fenced portions of its right of way only when the injuries result from a lack of ordinary care. In such cases the burden is upon the plaintiff both to allege and prove a lack of such care. And, such allegation and proof being necessary, it is also necessary, when requested by the defendant, that the court should define ordinary care and submit to the jury the question of whether or not the conduct of the defendant's employés in operating the train by which an animal is killed constitutes ordinary care. Article 6603, V. R. C. S.; I. & G. N. Ry. Co. v. Cocke, 64 Tex. 151; San Antonio, etc., Ry. Co. v. Robinson, 17 Tex. Civ. App. 400, 43 S. W. 76; Railway Co. v. Glenn, 8 Tex. Civ. App. 301, 30 S. W. 845; Railway Co. v. Meithvein (Tex. Civ. App.) 33 S. W. 1093; Railway Co. v. Swan, 97 Tex. 338, 78 S. W. 920.

The errors in the trial above pointed out being manifest, the motion for a rehearing is overruled.