## TEXAS & P. RY. CO. v. WILLIAMS.
### No. 3929.

Court of Civil Appeals of Texas. Texarkana.
Rehearing Denied Oct. 30, 1930.

Touchstone, Wight, Gormley & Price, of Dallas, and Terry & Porter, of Terrell, for appellant.

Coen & Barnes, of Terrell, for appellee.

LEVY, J. (after stating the case as above).

The appellant requested a peremptory instruction to the jury to return a verdict in its favor, and predicates error upon the refusal to give it. In the circumstances shown in the record it is believed that the appeal is ruled by the cases of Missouri, K. & T. Ry. Co. of Texas v. Baker, 99 Tex. 452, 90 S. W. 869, and Gulf, C. & S. F. R. Co. v. Anson, 101 Tex. 198, 105 S. W. 989, 990. The above cases have been followed; see Davis v. Wilson (Tex. Civ. App.) 241 S. W. 562. It is reasonably certain in the circumstances shown that the mule was struck with great force on the crossing by some passing train and probably instantly killed. But aside from that conclusion, the following quotation from the case Gulf, C. & S. F. R. Co. v. Anson, supra, is quite applicable: "We find nothing in the testimony which tends to show with any degree of certainty which of the two trains caused the injury. * * * It may be conjectured that the ponies were on the track, and that if the engineer had kept a lookout he would have discovered them in time to avoid the injury; or it may be surmised that they were not on the track, but near it, and, being startled by the approach of the train, endeavored to pass in front of and so near to it that it was impossible to have stopped the train in time to avoid the injury. The evidence leads to no definite conclusion upon the point."

The appellee cites the case of International-Great Northern R. Co. v. McGinty (Tex. Civ. App.) 293 S. W. 302, 303, and the rule of evidence there applied. In that case it was shown by the evidence of the witness Solomon Gray that he found the mule on the crossing with his leg broken in a very short time after the passing of a freight train and that the freight train when in "about 100 feet from crossing it blew the whistle twice." According to further evidence of Solomon Gray, he was "about 200 yards from crossing when train passed me," and he "went onto the crossing" and "found mule there with leg broken." The negligence of the defendant and its proximate causal connection with the injury may be reasonably inferred from such affirmative circumstances, and therefore the ruling in that case in no wise modifies the general doctrine that negligence will not be presumed, and the plaintiff must produce sufficient proof to sustain a prima facie case before the defendant must explain or risk an adverse verdict. Quoting from Texas & P. R. Co. v. Shoemaker, 98 Tex. 451, 84 S. W. 1049, 1052, as pertaining to negligence, "a defendant cannot be called on to produce evidence where the plaintiff has failed to bring sufficient proof to prima facie sustain his cause." We think, as before stated, that the cases mentioned above conclusively rule the present appeal, and that the peremptory instruction ought to have been given.

The judgment is reversed, and judgment here rendered for the appellant, with all costs.