## FRANKLIN FIRE INS. CO. v. COLEMAN et al.

### No. 1635.

Court of Civil Appeals of Texas. Waco.

Oct. 10, 1935.

Rehearing Denied Nov. 14, 1935.

Thompson, Knight, Baker & Harris and Sol Goodell, all of Dallas, for plaintiff in error.

L. D. Johnston, of Waxahachie, and J. P. Moseley, of Longview, for defendants in error.

STANFORD, Justice.

Defendant in error, J. L. Coleman, plaintiff below, instituted this suit against Franklin Fire Insurance Company of Philadelphia in the district court of Ellis county, to recover on a fire insurance policy issued to said Coleman on a dwelling house and household furniture located in Ennis, Ellis county, Tex. He alleged that on the 10th day of September, 1931, said insurance company issued its policy covering said property to an amount not exceeding $1,500 on the dwelling and $700 on the household goods; that on the 27th day of May, 1932, the property was destroyed by fire and plaintiff sustained damages exceeding the maximum amount of the policy, to wit, $2,200. Plaintiff in error pleaded a general demurrer, certain special exceptions, a general denial, and specifically pleaded that the policy named as mortgagee therein Mrs. Sarah L. Hill, and that it had paid to Mrs. Hill the amount of her loss, to wit, $579.56. It further pleaded that the assured had entered into an adjustment agreement, fixing the loss sustained from the fire at $1,032.73. The insurance company thereafter agreed that if it was liable at all, the amount for which it was liable was the sum of $1,-032.73, less the sum of $579.56 paid the mortgagee, or the sum of $453.17.

The case was submitted to the jury on three special issues as follows:

"No. 1: Do you find from a preponderance of the evidence that plaintiff, J. L. Coleman, set fire to and burned his house on May 27, 1932?" To which the jury answered: "No."

"No. 2: Do you find from a preponderance of the evidence that plaintiff, J. L. Coleman, procured some other person to set fire to and burn said house on May 27, 1932?" To which the jury answered: "No."

"No. 3: Do you find from a preponderance of the evidence that plaintiff, J. L. Coleman, consented to the setting of fire of and burning of said house on May 27, 1932?" To which the jury answered: "No."

In conformity to the answers of the jury to said special issues, the court awarded

defendant in error J. L. Coleman a recovery against said insurance company in the sum of $400, with interest thereon from the 27th day of May, 1932, at the rate of 6 per cent. per annum, and judgment in favor of Texas Loan Company, intervener herein, against said insurance company in the sum of $53.17.

The chief defense of plaintiff in error to this suit was that defendant in error burned or procured the burning of his own property. Each of said issues was answered in favor of defendant in error. J. L. Roberts was called by the insurance company as a witness in its behalf, and testified, in part, as follows:

"Q. State your name. A. J. L. Roberts.

"Q. You are known as John Roberts? A. Yes sir.

"Q. Where do you live? A. In Ennis.

"Q. How long have you lived there? A. Thirty-five years, all my life.

"Q. Were you living in Ennis at the time J. L. Coleman's house burned? A. Yes sir.

"Q. Did you hold any official position in Ennis at that time? A. Yes sir, I was constable.

"Q. After the fire did you make any investigation? A. *I arrested Coleman, yes sir.*"

It is clear, we think, that this evidence was admitted inadvertently. It is thus seen that the testimony of Roberts, coming before the jury at the time it did, came at a time when the issue of arson was squarely before the jury, and was highly prejudicial and inflammatory to plaintiff's rights. 22 C. J. pp. 195, 196, 197; Houston & T. C. R. Co. v. Hopson (Tex. Civ. App.) 67 S. W. 458; San Antonio & A. P. Ry. Co. v. Grier, 20 Tex. Civ. App. 138, 49 S. W. 148; Vernon's Ann. Civ. St. Vol. 10, p. 19, note 14; Woodson v. Westbrook (Tex. Civ. App.) 272 S. W. 821. The true rule in questions of this kind is stated concisely in Corpus Juris, vol. 22, pp. 195, 196, as follows: "It frequently happens that evidence which might be inadmissible under strict rules is nevertheless introduced into the case through inadvertence or otherwise, under which circumstances it is held that the adverse party is entitled to introduce evidence on the same matters lest he be prejudiced; the rule being that the party who first introduces evidence which is irrelevant to the issues can not assign error on the admission of evidence from the adverse party relating to the same matter." The witness Roberts inadvertently introduced into the record the fact that Coleman had been arrested. To explain this matter the plaintiff then proved that he was arrested, made bond, demanded a speedy trial, and that the complaint against him was dismissed for lack of evidence. The case of Dolson v. De Ganahl, 70 Tex. 620, 8 S. W. 321, relied on by plaintiff in error, must be distinguished from the case at bar. "There was testimony offered by appellant that the court would, no doubt, have excluded, had it been objected to; but the fact that improper evidence was admitted without objection did not authorize the admission of improper evidence, even in rebuttal, when objection was made to it." The case of Gilmer v. Graham (Tex. Com. App.) 52. S.W.(2d) 263, 265, also relied upon by plaintiff in error, must be distinguished from the case at bar. To quote from same: "The offering of such improper evidence by the defendant in error without objection did not furnish a basis for the admission of improper evidence in rebuttal when objection was urged by plaintiff." Defendants having brought this question into the case, the plaintiff had the right to further inquire of the witnesses concerning the matter. The admission of such evidence is, however, a matter resting in the sound discretion of the court. In this case the court was confronted with the problem of allowing the jury to pass on the same with the information that defendant in error, Coleman, had been arrested the night of the fire and the insurance company was defending their suit on the ground of arson; certainly the jury was entitled to all the facts surrounding the arrest. The court allowed defendant in error to state these facts, not as original evidence to make out his case in chief, but to explain the matter of arrest lest he be prejudiced. We think it is clear that the court did not abuse his discretion in allowing the defendant in error to explain the matter of his being arrested, and that under all the facts of the case and the record at that time, the court committed no error.

Plaintiff in error further complains of the action of the trial court in allowing interest on said recovery from the date of the fire, instead of sixty days after proof of loss, as provided for in the

policy. Defendant in error has filed a remittitur in this court of said interest item.

Therefore, the judgment of the trial court will be reformed so as to allow defendant in error, J. L. Coleman, a recovery against plaintiff in error, Franklin Fire Insurance Company, in the sum of $400, and Texas Loan Company, intervener herein, a recovery against Franklin Fire Insurance Company in the sum of $53.17, with interest thereon at the rate of 6 per cent. per annum from the 21st day of October, 1933, the date of judgment in the trial court; and as so reformed, the judgment of the trial court is affirmed. Springfield Fire & Marine Ins. Co. v. Brown (Tex. Civ. App.) 13 S.W.(2d) 916.